## THE STATE OF MISSOURI vs. BUFORD.

It is not necessary in an indictment to negative any exception not contained in the clause creating the offence.

### APPEAL from Reynolds Circuit Court.

STRINGFELLOW, *Attorney General, for the State.*

A grocer, under our statute, is defined to be a person authorized by law to sell goods, wares and merchandize, (dry goods excepted) and intoxicating liquors, in quantities not less than one quart. It is not necessary to aver that the liquor was not to be drank at the place of sale; nor that the goods were *not* of the growth, produce or manufacture of the State; nor that they were sold at a store or stand occupied for that purpose; nor is there any force in the objection that the indictment does not negative the right to sell under a merchant's license. An indictment alleging a sale of

liquor "without any license for such purpose," would be defective.   Neither the court nor defendant could know the offence charged.   It is not in the words of the act concerning grocers, nor in that concerning merchants.

Under the act concerning merchants, the lowest fine is $50.   Under that concerning grocers, the fine may be as low as $20.   A simple sale of one quart of liquor, constitutes a grocer.   But this would not make a person a merchant.   The statute defines a merchant to be *"a person who deals in the selling of goods, wares and merchandize, at a store, stand or place occupied for that purpose."*

An indictment simply charging a sale of liquor "without license," would not authorize a conviction of a person and his punishment as a merchant, without a violation of every principle of law.   Such form, then, is not sufficient.   Nor would it suffice to aver a sale *"without a license to sell as a grocer or merchant."*   The offences being different in their character, and the punishment being also different, neither the defendant nor court could know the offence charged.   Upon a plea of guilty, to such an indictment, how could the court assess the punishment?   Would it be as for a violation of the grocer's or merchant's law?

It is manifest that the long and well settled rule prevails in this case, that it is only necessary to charge the offence in the words of the act, and to show such acts as are necessary to constitute the offence, *negativing* only such exceptions as are included in the clause creating the offence.   That all other justifications or excuses must be pleaded and shown by the accused.

NAPTON, J., *delivered the opinion of the Court.*

This was an indictment consisting of two counts.   In the first, it is charged that the defendant, on, &c., at, &c., "unlawfully did directly sell one hundred pounds of coffee, of the value of ten dollars, to divers persons then and there being, without then and there first having a license as a grocer," &c.   The second count charged that the defendant "unlawfully did directly sell intoxicating liquors, in a quantity not less than a quart, to-wit: one gallon, &c., to divers persons then and there being, without having a license as a grocer," &c.   A motion was made to quash the indictment, on the following grounds:   1. The indictment did not aver that the defendant dealt in the selling of the articles specified, and that they were goods not the growth or manufacture of this State.   2. The indictment did not aver that the selling took place at a store or stand.— 3. The second count is bad, because it did not aver that the liquors were not to be drank at the place of sale.   The indictment was quashed, and the Circuit Court granted an appeal.

None of the objections specified to the indictment are, in our opinion, tenable.   Only such exceptions as are included in the clause creating the offence, need be negatived in the indictment.   If others are relied upon by the defendant, they must be pleaded.   When the act concerning dram-shops and that concerning inns and taverns were in force, a different form had to be used, because those two laws were anomalous.   In each act, an authority to sell liquors in small quantities was given, by

procuring a license under either law. Neither could be considered as an exception to the other. The law concerning grocers is differently framed. A grocer's license is generally necessary to authorize the sale of liquors in quantities exceeding a quart. To this general rule, there are exceptions stated in the act. Liquors may be sold in quantities exceeding a quart when sold at the place of their distillation, under certain restrictions. They may be also sold at a distance of a mile from any town or village; and they may be sold by merchants. These exceptions are not necessary to be negatived in the indictment, but must be relied on in defence.

Judgment reversed and cause remanded.