## THE STATE, Appellant, v. GEORGE WASHINGTON PRICE.

Division Two, June 30, 1910.

1. **CONSTITUTIONAL LAW: Title: General Subject: Different Situations.** The constitutional provision declaring that "no bill shall contain more than one subject, which shall be clearly expressed in its title" prohibits matters which are incongruous, disconnected and without natural relations to each other, from being joined in one bill. But it should not be so strictly or literally interpreted as to lead to many separate acts relating to the same subject. It does not invalidate a title or act intended to deal with one general subject but under different situations.

2. ———: ———: More than One Subject: Order Houses: Act 1907. The title to the Act of May 10, 1907, Laws 1907, p. 232, which is, "An Act to prohibit persons running order houses from delivering intoxicating liquors to persons having no license to deal in same, and to prohibit the keeping, storing for, or delivering to another person intoxicating liquors in local option counties, and providing penalties for the violation thereof," pertains to one general subject, namely, order houses, but is drawn to apply to two situations, namely, order houses in counties having licensed dramshops, and order houses in counties which have adopted the Local Option Law, and is not misleading; and section one of the act being drawn primarily to prohibit order houses in counties having dramshops, but nevertheless being broad enough to prohibit them in all counties, and section two to prohibit order houses in local option counties only, both the title and the act are germane and congruous, and neither the title nor the act embraces more than one subject, and both are valid and constitutional. The purpose of the act is one, namely, to prohibit the illegal traffic in intoxicating liquors by means of order houses, and the act is broad enough to cover the one evil in both situations, but no broader.

3. INDICTMENT: Negativing Exceptions: Order Houses. The indictment need not negative exceptions found in other clauses or other sections of the statute, which create defenses. Where one section of the statute prohibits the keeping of order houses in local option counties, and the indictment is drawn under that section, it need not proceed further and charge that the liquor was not ordered for one's own use or for one's own family.

.Appeal from Atchison Circuit Court.—*Hon. William C. Ellison*, Judge.

REVERSED AND REMANDED.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

(1) The indictment is founded upon section 2 of the act, and contains the allegations of the offense in certain, concise and specific language. No legal objections can be alleged as to the form and substance of the indictment. It follows the statute and is sufficient. (2) The Act of May 10, 1907, Laws 1907, pp. 231, 232, prohibiting persons running order houses from de-

livering intoxicating liquors to persons having no license to deal in same, and prohibiting the keeping, storing for or delivering to another person intoxicating liquors in local option counties, is presumed to be constitutional. If there is a doubt existing as to the constitutionality of the act, it must be resolved in favor of its validity. Ex parte Loving, 178 Mo. 203. Every presumption is to be indulged in favor of the validity of the act. State ex rel. v. Aloe, 152 Mo. 477; State v. Cantwell, 179 Mo. 261; State ex rel. v. Railroad, 48 Mo. 471; State ex rel. v. Pike County, 144 Mo. 280; Kesleart v. Shoer, 134 Mo. 10; County v. Griswold, 58 Mo. 192; State v. Walbridge, 119 Mo. 383; State v. Able, 65 Mo. 357; Manker v. Faulhaber, 94 Mo. 430; Endlich on Int. of Stat., sec. 178, p. 246; Railroad v. Van Horn, 57 N. Y. 473; French v. Teschemaker, 24 Cal. 518; Attorney-General v. Eau Claire, 37 Wis. 400; State ex rel. v. Shelton, 136 Mo. 429; Brown v. Buzan, 24 Ind. 194; Slack v. Jacob, 8 W. Va. 612. (3) One of the provisions in section 28, article 4, of the Constitution, is to prevent the vicious practice of conjoining in the same bill by the Legislature incongruous matter and subjects having no legitimate connection or relation to each other, and in no way germane to the subject expressed in its title. State ex rel v. Heege, 135 Mo. 119; State ex rel. v. Ranson, 73 Mo. 86; State ex rel. v. County Court, 102 Mo. 537; Indemnity Co. v. Jarman, 187 U. S. 206; State v. County Court, 128 Mo. 427; State ex rel. v. Bronson, 115 Mo. 271; State v. Miller, 45 Mo. 495. Another acknowledged reason for section 28, article 4, of the Constitution, was to have the title to an act indicate the general contents of the bill, and contain but one general subject. It might be expressed in a few or greater number of words, if they did not mislead as to what the bill contained, and were not designed as a cover to vicious and incongruous legislation. St. Louis v. Weitzel, 130 Mo. 616; Ewing v. Hoblitzelle,

85 Mo. 64; State v. Miller, 100 Mo. 439; Cooley's
Const. Lim., 175; People v. Mahoney, 13 Mich. 495;
State v. Bengsch, 107 Mo. 105; State v. Bockstruck,
136 Mo. 335; Bishop's Stat. Crimes (2 Ed.), sec. 36a.
(4)  The first part of the title to this act, to-wit, "to
prohibit persons running order houses from deliver-
ing intoxicating liquors to persons having no license
to deal in same," applies to the political subdivisions
of the State, or the whole State, as the same is di-
vided into political subdivisions.  Section one of the
act applies wholly to the entire State.  The remaining
portion of the act, to-wit: "and to prohibit the keep-
ing, storing for or delivering to another person in-
toxicating liquors in local option counties, and provid-
ing penalties," is followed by section two, and apper-
tains to the political subdivisions of the State wherein
the provisions of the Local Option Law have been legal-
ly adopted.  The act, as the title and text thereof show,
was to prohibit the operation of the "order house
business," that is to say, to prohibit the ordering for,
receiving, storing, keeping and delivering intoxicating
liquors throughout the entire State, and to prohibit
the keeping, storing for or delivering to another per-
son intoxicating liquors in those subdivisions of the
State that have adopted Local Option Law.  The title
of the act is germane to the context of the act.  Under
the first section of the law it includes all of the polit-
ical divisions of the State, and the title is germane
thereto. .Under the second section of the law is in-
cluded those political subdivisions having adopted
local option.  State ex rel. v. Miller, 100 Mo. 444;
Ewing v. Hoblitzelle, 85 Mo. 65.  The provisions of
this act fairly relate to the same subject, ordering, re-
ceiving, keeping, storing and delivering intoxicating
liquors in both local option and non-local option po-
litical subdivisions of the State, and, furthermore, all

the provisions of the act have a natural connection with the same subject, to-wit, intoxicating liquors, and all the provisions are the incidents and means of accomplishing the purpose of the statute; therefore, as the subject has a natural connection with all the provisions of the act, and the same is clearly expressed in the title, then the act is valid. State v. Morgan, 112 Mo. 212; State v. Doerring, 194 Mo. 409; State v. Bennett, 102 Mo. 356; Brandon v. State, 16 Ind. 197. (5) The complaint that the indictment, which is brought under section 2 of the act, does not negative the provisions contained in section 3 of the act, is not well taken. When an exception, describing and defining an offense, exempts a class referred to in the operation of the statute, the indictment need not negative a proviso nor the exception. State v. O'Brien, 74 Mo. 49; State v. Doerring, 194 Mo. 415. The exceptions in this act are found in a distinct and separate section from those that describe the offense, and, therefore, are not to be negatived. (6) Sections 1, 2 and 3 of this Act are not uncertain, indefinite, inconsistent nor irreconcilable in their provisions. Section 1 applies to the whole State, and section 2 only to local option subdivisions of the State. The pleader may use his privilege of charging under either section in local option political subdivisions of the State, but where local option has not been adopted, the pleader would be confined to section 1. The offenses in section 2 are included in section 1, and section 1 includes two additional offenses beyond those enumerated in section 2, that is, "ordering for" and "receiving." Gabbert v. Railroad, 171 Mo. 108; 1 Story, Const., 541; Black on Inter. of Laws, 28. (7) A part of an act may be unconstitutional without rendering the whole act bad. Shively v. Lankford, 174 Mo. 549; Dent v. Railroad, 83 Mo. 496.

GANTT, P. J.—At the May term, 1909, of the circuit court, the grand jury of Atchison county returned in open court the following indictment:

"The grand jurors for the State of Missouri, summoned for the body of Atchison county, impaneled, charged and sworn, upon their oath present that on the 10th day of May, 1902, the act of the Legislature of the State of Missouri, approved April 5, 1887, known as the Local Option Law, was duly adopted in said Atchison county, and has been continuously in force as the law of the State of Missouri, in said county, from that date to the present time, and still remains in force as the law of the State of Missouri in said county. That afterwards, to-wit on or about the 10th day of May, 1909, and while said Local Option Law was in force in said county one .G. Washington Price did then and there unlawfully keep and store for and did then and there deliver to another person, to-wit, Jim Tillman, certain intoxicating liquors, to-wit, one quart of whiskey, one quart of lager beer and one quart of brandy; he, the said G. Washington Price, not then and there being a licensed dramshop keeper, and he, the said G. Washington Price not being then and there by law authorized to sell liquor as a wholesaler, and the said James Tillman not then and there being a person licensed to deal in same, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State."

To this indictment the defendant interposed the following demurrer, at the September term of said court:

"Now comes defendant and says the indictment in this cause is insufficient in law, to state a criminal offense in the following respects:

"1st. The Act of 1907 (Laws of 1907, page 232) on which the indictment was based, is a void act, under section 28 of article 4 of the Constitution, in that the

title of the act is inconsistent with and repugnant to the first section of the act.

"2nd. The indictment omits to allege or charge that the intoxicating liquors were not ordered by the defendant for or delivered to James Tillman for his own or family use, and was not to be sent, or was not sent, direct to the person ordering the same.

"3rd. By section 3 of said act, a person may, in a local option county, order liquors for his own or family use, when sent direct to him, which necessarily implies that another person in such local option county may lawfully deliver the liquors to the person ordering the same. The indictment does not negative this state of facts.

"4th. The said act is so vague, uncertain, indefinite, inconsistent and irreconcilable in its provisions as to be incapable of enforcement. If under section 3 a person may, in a local option county, order liquor for his own or family use, from another in that local option county, then that other in such local option county may sell and deliver the liquor to him.

"This construction would, in effect, practically repeal the Local Option Law. No such object was intended or expressed in the title of the act. To avoid this construction the proviso of section 3 must be rejected, which would make of section 2 absolute prohibition, even as against druggists selling and delivering liquors under a prescription.

"Wherefore, defendant prays the court to quash the indictment."

At the same term of the court the court sustained the demurrer and quashed the said indictment and discharged the defendant. From this judgment the State, by the prosecuting attorney of said county, took an appeal to this court in due and regular form, and the circuit court took a recognizance of the defendant.

I. The sufficiency of the indictment presents the only question for determination by this court. This court has jurisdiction of this appeal for the reason the constitutionality of the law upon which the indictment is based was assailed in the demurrer sustained by the circuit court.

In the absence of a brief on behalf of the defendant we are not advised upon what ground of the demurrer the indictment was held bad. The indictment is drawn to charge an offense under the act of the General Assembly of Missouri, approved May 10, 1907, Laws 1907, pages 231 and 232, and entitled, "An act to prohibit persons running order houses from delivering intoxicating liquors to persons having no license to deal in same, and to prohibit the keeping, storing for, or delivering to another person intoxicating liquors in local option counties, and providing penalties for the violation thereof." This indictment charges a violation of section two of the said act, which provides: "No person shall keep, store or deliver for or to another person, in any county that has adopted or may hereafter adopt the Local Option Law, any intoxicating liquors of any kind whatsoever." It was insisted that the indictment was invalid because the act under consideration violated section 28 of article 4 of the Constitution of this State, which provides: "No bill shall contain more than one subject, which shall be clearly expressed in its title." On the part of the State it is insisted that the act is well enough, and that it does not embrace more than one subject. That all the provisions of the act have a legitimate connection and relation with each other and are all germane to the subject expressed in the title.

This provision of the Constitution has been so often invoked in this court that it is necessary only to repeat what has been said in some of the leading cases on this subject. Thus in State ex rel. v. Miller, 100 Mo. l. c. 444, speaking of section 28, article 4, of the

Constitution, it was said: "Its demands are that matters which are incongruous, disconnected and without any natural relation to each other must not be joined in one bill; and the title must be a fair index of the subject-matter of the bill. A very strict and literal interpretation would lead to many separate acts relating to the same general subject, and thus produce an evil quite as great as the mischief intended to be remedied; hence a liberal interpretation and application must be allowed." On the other hand, numerous decisions of this court maintain the controlling authority of this section of the Constitution, and hold invalid acts of the Legislature because the title of the act either gave no notice of its contents, or because two incongruous subjects were joined in one act. [State v. Coffee and Tea Company, 171 Mo. 634; State ex rel. v. County Court, 102 Mo. 531.] This court has fully recognized and often asserted the rule that no legislative enactment should be declared unconstitutional, unless it appeared beyond all reasonable doubt that it was in conflict with the organic law, and every reasonable intendment has been indulged to uphold the solemn enactments of the Legislature, but it has been constrained from a sense of duty to declare such acts void when in our opinion they were clearly in conflict with the Constitution. With these general observations we proceed to the examination of the points that his act violates section 28 of article 4 of the Constitution of this State in that it contains more than one subject.

If we look to the title of the act, which is said to be the exclusive index to the legislative intent, it seems obvious that the Legislature intended to deal with one common subject, to-wit, the illegal sale of intoxicating liquors by so called "order houses," but in two different situations—one which had grown up from the running of what is known as "order houses" in counties in which the sale of intoxicating liquors by

dramshop keepers duly licensed and by wholesale liquor dealers authorized by law obtained, by which the so-called "order houses" escaped the payment of license fees and of proper taxation and regulation, under the pretense of having intoxicating liquors ordered through them by persons in such counties, and delivered by them to such persons, in fraud of the police regulations of the State for the control of the business of selling intoxicating liquors in such counties; and the other equally prevalent evil, of such "order houses" or individuals selling and delivering intoxicating liquors in local option counties under the pretense of having received the same upon orders of persons in such local option counties upon liquor dealers outside of said counties in counties or States in which it was lawful to sell intoxicating liquors, and thus avoid the statutes prohibiting the sale of intoxicating liquors in local option counties.

When we come to a consideration of the body of the act itself, it is apparent that section one was intended to operate *primarily* in those counties in which it was lawful to have dramshops and wholesale liquor houses, as the section itself excepts from its provisions licensed dramshop keepers and persons authorized to sell liquors as wholesalers, but, *secondly,* broad enough to apply to an "order house" in any county whether local option had been adopted or not; whereas section two specifically applies to those persons who shall keep, store or deliver for or to another person intoxicating liquors of any kind whatsoever in any county that has adopted, or may hereafter adopt the Local Option Law. While section two is clearly within the purview of the second paragraph of the title, it indicates upon its face that it was intended to meet and provide for a situation which could arise only in local option counties. Section one is broad enough to prohibit the operation of a so-called "order house" throughout the entire State, that is to say, in

counties where dramshops and wholesale liquor houses may be lawful, as well as in counties that have adopted the Local Option Law, and the first paragraph of the title is broad enough to support such a law, so that the question after all is, is there such an inconsistency and repugnancy in the two subjects, and the two sections, one and two, of the act, as causes the act to offend against the constitutional provision that no bill shall contain more than one subject? Both clauses of the title have the same general subject, to-wit, the illegal sale of intoxicating liquors by "order houses" or persons acting in that capacity or assumed capacity, and the general purport and intent of the act is the same: to punish such illegal and fraudulent traffic in intoxicating liquors. And while section one would in all probability have met all of the purposes which the Legislature had in view by reason of its generality, yet, out of abundant caution, the Legislature deemed it wise to add the second clause to the title of the act and inserted section two in the body of the act so as to remove all doubt as to the application of the law to local option counties. There is no inconsistency either in the purpose or in the provisions of sections one and two of the act. The evil sought to be remedied existed both in counties having dramshops and in those in which local option had been adopted, and it was perfectly competent for the Legislature to provide for the punishment of this illegal traffic in both situations, to-wit, in those counties having dramshops and those in which local option obtained. There is no repugnancy between the two sections; one is simply more specific than and is supplementary to the other. In our opinion the Legislature had in mind but one subject, but that subject appeared in two aspects; the subject was the illegal traffic in intoxicating liquors by order houses, and that traffic obtained alike in counties having dramshops and those which had adopted local option, and it was its pur-

pose to make the act broad enough to cover this one evil in both situations and arrest this illegal commerce by and through these order houses by imposing penalties thereon. The act is salutary in its purposes; it was to prevent the illegal sale and fraudulent practices by these order houses throughout the State, and to punish those engaged therein and at the same time incidentally to protect those dealers who had licenses and were doing a lawful business.

In St. Louis v. Weitzel, 130 Mo. l. c. 615, this court reaffirmed the language of WAGNER, J., in State v. Miller, 45 Mo. 495, in which the title to an act had been assailed, and the learned judge said: "Now, the nature and object of the act is clearly defined in the title . . . . By a fair construction, it relates to a class of offenses of a kindred character, all connected, blended and germane. . . . The act shows clearly that its object and aim was to strike at a whole class of cases, and remedy an existing evil. . . . A glance at the title would naturally show what was to be found in the law." And SHERWOOD, J., said in St. Louis v. Weitzel, supra: "The evident object of the provision of the organic law relative to the title of an act was to have the title, like a guideboard, indicate the general contents of the bill, and contain but one general subject which might be expressed in a few or a greater number of words. If those words only constitute one general subject; if they do not mislead as to what the bill contains; if they are not designed as a cover to vicious and incongruous legislation, then the title can stand on its own merits, is an honest title and does not impinge on constitutional prohibitions."

After a careful consideration of this act and its title we are of the opinion that the title is clearly not misleading, that it advises us of the body of the act which is to follow and that in reality it contains but one subject with which it was necessary for the Legislature to deal, with reference to the two different

situations, caused by the adoption of local option in some of the counties of this State, but the evil sought to be remedied was one and the same, and existed alike in counties with and those without local option, and that the provisions of the act are not repugnant or inconsistent with each other and that the act is not therefore unconstitutional.

II. The indictment is not insufficient on the third ground of the demurrer, to-wit, that "it does not negative the exceptions found in section three of the said act." Those exceptions are matters entirely of defense. In State v. Bockstruck, 136 Mo. 351, this court reviewed the doctrine on this subject and said: "It is urged that the information is insufficient in another respect, to-wit, that it does not negative the proviso contained in section 2. The latter clause of that section just below that proviso is the one on which the information is bottomed. This is a distinct and independent clause, and the rule in such cases is that where an affirmative offense will appear without reference to the proviso or exception, such proviso or exception need not be negatived in the indictment or information. In other words, if the ingredients constituting the offense are capable of exact definition without reference to the exception or proviso, such reference may with safety be omitted, since such matter contained in the exception is not descriptive of the offense, but only matter of defence to be brought forward by the accused," citing State v. Buford, 10 Mo. 704; State v. Meek, 70 Mo. 355; State v. O'Brien, 74 Mo. 549, and other cases.

The same rule has been recently announced in State v. Doerring, 194 Mo. 415. It results that in our opinion the circuit court erred in sustaining the demurrer and in discharging the defendant, and its judgment is reversed and the cause remanded to be proceeded with in regular form. *Burgess* and *Fox, JJ.,* concur.