## THE STATE v. JAMES BROWN, Appellant.

### Division Two, December 31, 1924.

1. **APPELLATE JURISDICTION:** Felony: Six Months' Imprisonment. Where the crime for which defendant is convicted is punishable by imprisonment in the penitentiary and therefore a felony, his appeal is properly lodged in the Supreme Court, although upon conviction he was sentenced upon the verdict of the jury to imprisonment in the city workhouse for a period of six months.

2. **INDICTMENT:** Exception. Where an exception or proviso occurs as a separate and distinct clause or part of the statute and disconnected from that part which describes the offense, the indictment need contain no averment negativing the exception.

3. ————: ————: Carrying Concealed Weapons: Statute. An information specifically charged that defendant did unlawfully and feloniously carry concealed about his person a dangerous and deadly

State v. Brown.

weapon, but did not allege that he was not a legally qualified sheriff, police officer, etc.  The statute (Sec. 3275, R. S. 1919) defining the offense of carrying concealed weapons and making it a felony contained a proviso that "nothing contained in this section shall apply to legally qualified sheriffs, police officers or other persons whose bona-fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace, nor to persons traveling in a continuous journey peaceably through the State." *Held*, that it was not necessary that the indictment negative the exceptions contained in the proviso.  The exception contained in the proviso is not descriptive of the offense of carrying concealed weapons, but the persons described therein are merely those not within the operation and effect of the law denouncing the crime, which is otherwise completely defined without reference to the proviso.  That a person comes within the class named in the proviso is a matter of defense.

Citations to Headnotes: 1, Criminal Law, 16 C. J. par. 6 and 17 C. J. par. 3282; 2 and 3, Indictment and Informations, 31 C. J. par. 269.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm,* Judge.

AFFIRMED.

*Jesse W. Barrett,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for respondent.

(1)  The information fully informed appellant of the nature of the charge against him, and is sufficient. Sec. 3275, R. S. 1919;  State v. Seal, 47 Mo. App. 605; State v. Athanas, 150 Mo. App. 591;  State v. Smith, 24 Mo. App. 413.  (2)  It is not necessary to negative the proviso in Section 3275.  The matter contained therein is not descriptive of the offense, but is only matter of defense to be brought forward by the accused.  State v. Shiflett, 20 Mo. 416;  State v. Batson, 31 Mo. 344;  State v. Cox, 32 Mo. 568;  State v. Bockstruck, 136 Mo. 351; State v. Price, 229 Mo. 682;  State v. Smith, 233 Mo. 253.

DAVID E. BLAIR, P. J.—Defendant was convicted in the Circuit Court of the City of St. Louis of the crime of carrying concealed weapons, and was sentenced upon

the verdict of the jury to imprisonment in the workhouse of said city for six months. His appeal was properly lodged here, for the reason that the crime for which he was convicted, as defined by Section 3275, Revised Statutes 1919, is punishable by imprisonment in the penitentiary, and is therefore a felony. [Sec. 3712, R. S. 1919.]

There is nothing before us but the record proper. While there is nothing here to indicate that the information was challenged below, the learned Attorney-General has seen fit to cite authorities to sustain it and we will consider it briefly. Omitting caption and signatures, said information reads as follows:

"Albert L. Schweitzer, Assistant Circuit Attorney, in and for the City of St. Louis aforesaid, within and for the body of the City of St. Louis, on behalf of the State of Missouri, upon his official oath, information makes as follows: That James Brown on the 31st day of October in the year of our Lord, one thousand nine hundred and twenty-two, at the City of St. Louis aforesaid, did unlawfully and feloniously carry concealed about his person a certain dangerous and deadly weapon, to-wit, one revolving pistol, loaded with gunpowder and leaden balls; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

An examination of Section 3275 will disclose that it concludes with the following proviso:

"*Provided,* that nothing contained in this section shall apply to legally qualified sheriffs, police officers and other persons whose bona-fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace, nor to persons traveling in a continuous journey peaceably through the State."

It will be noted that the information does not allege the facts that defendant was not a legally qualified sheriff or other officer and was not a person traveling in a continuous journey, etc. In Kelley's Criminal

Law & Practice (3 Ed.) page 518, sec. 589, in discussing the sufficiency of an indictment under this section, it is said: "The indictment under the present law, should negative the exceptions in each case." The learned author, in Section 588, suggests a form of indictment, under this section, wherein such negative averments are made.

However, we think the rule is not correctly stated by Mr. Kelley. He refers to Section 193, page 149, of his work, where he correctly states the rule as to the necessity of negativing exceptions which enter into and become a part of the offense. Said Section 193 concludes as follows:

"But where the exception or proviso is found in a. separate and distinct clause or part of the statute disconnected from that which describes the offense, no such negative averment is necessary in the indictment, and if the defendant is within the terms of the exception he must show it in his defense."

Mr. Kelley is not supported by his own citation. The exception in Section 3275 is not descriptive of the offense of carrying concealed weapons. The persons described in the exception are merely those not within the operation and effect of the law denouncing the crime, which is otherwise completely defined without reference to such proviso. That a person comes within the class of persons named in the proviso, is a matter of defense, and the fact that a given defendant charged with the violation of the section does not come within the terms of the proviso need not be covered by negative averment in the indictment or information.

The true rule was laid down by Hough, J., in State v. O'Brien, 74 Mo. 549, l. c. 551, wherein it was said.

"Whenever an exception is contained in the section defining an offense, and constitutes a part of the description of the offense sought to be charged, the indictment must negative the exception, otherwise no offense is charged. [State v. Meek, 70 Mo. l. c. 357; State

v. Shiflett, 20 Mo. 415.] But where, as in the case at bar, the section which defines the offense contains a proviso exempting a class therein referred to, from the operation of the statute, it is unnecessary to negative the proviso, but the exemption therein contained must be insisted on by way of defense, by the party accused.''

In State v. Bockstruck, 136 Mo. 335, l. c. 351, SHERWOOD, J., said:

''If the ingredients constituting the offense are capable of exact definition without reference to the exception or proviso, there such reference may with safety be omitted, since such matter contained in the exception, etc., is not descriptive of the offense, but only matter of defense to be brought forward by the accused. [1 Bishop, Crim. Proc. (3 Ed.) secs. 632-636; United States v. Cook, 17 Wall. 168; State v. Buford, 10 Mo. 704; State v. Shiflett, 20 Mo. 417; State v. Cox, 32 Mo. 566; State v. Sutton, 24 Mo. 377; State v. Meek, 70 Mo. 355; State v. O'Brien, 74 Mo. 549.]''

The same rule is announced and followed in State v. Price, 229 Mo. 670, l. c. 682, and in State v. Smith, 233 Mo. l. c. 253. The foregoing cases were not charges of carrying concealed weapons; but the rule laid down clearly applies to such a case.

The same rule was recognized by the St. Louis Court of Appeals, where the information charged a violation of the section here under consideration. [State v. Seal, 47 Mo. App. 603.] The informations approved in State v. Smith, 24 Mo. App. 413, and State v. Athanas, 150 Mo. App. 588, were substantially identical with the information in the case at bar. However, no discussion is found in either case of the necessity of negativing exceptions.

We hold that the information set out above is sufficient without alleging that defendant did not come within the classes excepted in the proviso.

The record shows that defendant was duly arraigned and tried before a lawful jury, sworn to try the case according to law, and was found guilty. The verdict is

in proper form and is responsive to the charge contained in the information. Defendant was duly sentenced after being accorded all the rights with which the law safeguarded him. There is no error in the record proper.

The judgment is affirmed. *White, J.,* concurs.; *Walker, J.,* absent.