CITY OF ST. LOUIS, Plaintiff-Respondent,

v.

Dillard ESKRIDGE, Defendant-Appellant.

No. 34104.

Missouri Court of Appeals,
St. Louis District,
En Banc.

Oct. 6, 1972.

Motion for Rehearing and to Transfer to Supreme Court Denied Nov. 10, 1972.

Application to Transfer Denied Dec. 11, 1972.

Raymond A. Bruntrager, St. Louis, for defendant-appellant.

Robert J. McNicholas, City Counselor, David S. Hemenway, Associate City Counselor, St. Louis, for plaintiff-respondent.

DOWD, Judge.

This air pollution case is before us on rehearing. The original opinion reversed the judgment of the St. Louis Court of Criminal Correction. The rehearing was held before the court en banc.

On trial to the court without a jury, defendant was found guilty of violating the "Air Pollution Control" ordinance of the City of St. Louis by permitting a truck he was driving to emit from its exhaust a plume of visible air contaminants of a degree of opacity in excess of the prescribed limit of Ordinance No. 54669 of the City of St. Louis. Defendant appealed.

The ordinance in question is designed to regulate the emission of noxious gases and other pollutants from a variety of sources. Air pollution from motor vehicles is dealt with in Section Twenty-Five, the pertinent part of which reads as follows:

> "No person shall cause or permit the emission of visible air contaminants in excess of the amounts specified in Section Sixteen, subsection A, from the internal combustion engine of:
>
> \* \* \* \* \* \*
>
> 3. A motor vehicle after the vehicle has moved more than 100 yards from a place where the vehicle was stationary.
>
> "4. This Section shall not apply when the presence of uncombined water is the only reason for the failure of an emission to meet the requirements of this Section."

The standards set out in Section Sixteen (A) that apply to this case are as follows:

> "1. \* \* \* no person shall discharge into the atmosphere from any existing single source of emission whatsoever any air contaminant of a

shade or density equal to or darker than designated number 2 on the Ringelmann Chart, or

"2. Of such opacity as to obscure a qualified observer's view to a degree equal to or greater than does smoke described in subparagraph A 1 of this Section."

The information in this case charged that defendant-appellant "On or about the 7th day of December, 1967, within the corporate limits of St. Louis, Missouri, at or near S. Broadway * * * did then and there unlawfully cause the emission from an internal combustion engine of a motor vehicle after the vehicle had moved 100 yards of such capacity (sic opacity) to obscure a qualified observer's view of a degree equal to or greater than that designated # 2 on the Ringelmann Chart, * * *." The information did not allege that emission was not due to the "presence of uncombined water." Appellant contends that the failure to negate the exception contained in Section Twenty-Five (4) rendered the information insufficient.

In support of his position, appellant cites several decisions which he alleges held informations defective because they failed to negate the exceptions contained in the ordinances creating the offenses. The first two cases are distinguishable on the issue presented. In City of St. Louis v. Stubley, Mo.App., 154 S.W.2d 407, the thrust of the opinion was that *if* an exception must be negated, it must also be proven by the city. That is not the question here. State v. Cheney, Mo.App., 305 S.W.2d 892, was concerned with an ordinance couched in terms of *either* the defendant must act one way *or* he must act in another way. The court held that the information must state that the defendant acted in *neither* way. Again, the situation here is completely different.

■ Appellant also cites City of Tarkio v. Loyd, 109 Mo.App. 171, 82 S.W. 1127, and Kansas City v. Smith, Mo.App., 218 S.W. 943. The former case, also relied upon in the original opinion issued by this court, involved the violation of an ordinance dealing with solicitation without a license. The ordinance contained an exception which was not negated by the complaint. The court held that the complaint must allege that the defendant did not belong to the class excepted. We note, however, that the court relied on State v. Bockstruck, 136 Mo. 335, 38 S.W. 317. That case held that if the elements constituting the offense are capable of exact definition without reference to the exception, then the exception need not be negated, " * * * since such matter contained in the exception, etc., is not descriptive of the offense, but only matter of defense, to be brought forward by the accused." l.c. 320. The court in *Bockstruck* in like manner pointed out that where the negative exception is contained in a distinct and independent clause and where an offense will appear without reference to the exception, then the information need not negate the exception. The court in *Tarkio* held that the exception with which it was concerned did not fall within the rule set forth in *Bockstruck*.

■ In the case before us, however, we believe that the exception does fall within this rule. In so deciding, we have as authority several cases decided by our Supreme Court, as well as Supreme Court Rule 37.28, V.A.M.R., none of which were available as guidelines to the Kansas City Court of Appeals in 1904, when it decided the *Tarkio* case.

Particularly important among these cases are several criminal prosecutions, where the validity of an information is, of course, more strictly tested. State v. Brown, 306 Mo. 532, 267 S.W. 864; State v. Zammar, Mo., 305 S.W.2d 441; and State v. Bridges, Mo., 412 S.W.2d 455. In State v. Brown, the statute involved prohibited the carrying of a concealed weapon, but excepted from this prohibition police officers or other persons duty-bound to execute process. The information did not negate this exception, and the court held it to be

sufficient. State v. Bridges, citing *Brown*, stated the general rule set out in *Bockstruck* as follows: "But where such exceptions are not a part of the statutory definition of the crime, where they are contained in distinct and independent clauses of the statute, or in separate sections, it is not usually necessary either to plead them or to prove them." l.c. 457. See also State v. Zammar, supra, 305 S.W.2d l.c. 444 and cases cited therein.

In recent cases involving ordinances which contained exceptions similar in construction to the one before us, our Missouri courts have consistently upheld the validity of informations which did not negate the exceptions.

The Supreme Court of Missouri, en banc, laid down the guidelines as to what constitutes a sufficient information in ordinance cases. Kansas City v. Stricklin, Mo., 428 S.W.2d 721. The ordinance in that case read as follows:

"* * * 'No person shall have in his possession or in any room, house, building or place under his control or management any gambling table, gambling device or gambling paraphernalia capable of no lawful use; provided however, that the manufacture, possession and storage thereof in the city solely for sale, shipment and delivery outside the corporate limits of the city shall not be unlawful. * * *' "

The information was as follows:

"* * * 'Louis Stricklin * * * then and there unlawfully did have in his possession or did have in a room, house, building and place under his control and management, a gaming table, gambling device, or gambling paraphernalia not capable of lawful use.' * * *"

· The ordinance as shown contained an exception. However, the information did not contain a negation of the exception exempting gambling paraphernalia manufactured or stored in the city for sale or delivery outside the city. While the failure to negate the exception was not raised, the court found the information sufficient. The court in Kansas City v. Stricklin cited with approval City of St. Louis v. Smith, 10 Mo. 438, which held that "all that was required was the degree of certainty necessary to inform the defendant of what he is called upon to answer, and not the particularity necessary to constitute a sufficient indictment." This principle was reiterated by the court in Kansas City v. Caresio, Mo., 447 S.W.2d 535. And, in City of St. Louis v. Goldman, Mo.App., 467 S.W.2d 99, this court relying on *Stricklin* held that absent some finding of prejudice to defendant and if the information fairly and accurately apprises defendant of the nature of the charge against him it will be held valid. See also University City v. Redwine, Mo.App., 376 S.W.2d 609; Village of Koshkonong v. Boak, 173 Mo.App. 310, 158 S.W. 874.

All of the above cases are in accord with the directives of Supreme Court Rule 37.28. This rule states that an information shall not be held invalid "* * * for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits: Provided, that nothing herein shall be so construed as to render valid any information * * * which does not fully inform the defendant of the offense of which he stands charged."

The cases cited, supra, provide the following guidelines to test the sufficiency of an information:

(1) That the defendant be fairly and accurately apprised of the nature of the charge against him;

(2) That the charge be sufficiently definite to bar a subsequent prosecution for the same action;

(3) That a defect in the information not tend to prejudice the rights of the defendant upon the merits.

We note that the ordinance in the case before us contains an exception which is

not descriptive of the offense charged, and which is contained not only in a "distinct and separate clause" of the ordinance, but in a wholly separate paragraph. It, therefore, definitely falls within the rule set out in *Bockstruck*, supra, and reiterated either explicitly or implicitly in all the other cited cases. Moreover, holding the information to be sufficient in this case is also in accord with the general guidelines set out, supra. We cannot see how the failure of the city to include the exception could possibly have prejudiced the defendant.

This is particularly true in light of the fact that we also find that the City proved by convincing evidence that the emission from defendant's truck was not composed of uncombined water.

■ Appellant argues that the City failed to prove its case, and objects particularly to the testimony of Police Officer Burgdorf and Commissioner Copley. Finally, he argues that the ordinance itself is unintelligible and its standards too indefinite. There is no Missouri case which has decided these specific points. However, we have grouped these points together because they were all included in a recent California case, where a substantially identical statute withstood a similar attack. People v. Plywood Manufacturers of California, 137 Cal.App.2d Supp. 859, 291 P.2d 587. We agree with the holding in that case, which affirmed convictions based upon opacity readings corresponding to the Ringelmann Chart. We also agree with that decision which held that standards set up in the statute were "sufficiently definite." Likewise, we hold the standards set up in Section Sixteen A–1 and 2 of this ordinance here are sufficiently definite.

At the trial below, Police officer Burgdorf, who had taken a course on air pollution control and passed the required examination, testified that defendant's truck emitted a black plume which he read at 50%. Mr. Copley, the Commissioner of Air Pollution Control since 1964, and a registered chemical engineer, explained that

this 50% refers to opacity level. Any opacity reading equal to or greater than 40% corresponds to at least #2 on the Ringelmann Chart, the point at which there is a violation of Ordinance No. 54669. The Commissioner described uncombined water as white in color and otherwise known as steam. Since the smoke from defendant's truck was black, there was substantial evidence that defendant had violated the ordinance. People v. International Steel Corp., 102 Cal.App.2d Supp. 935, 226 P.2d 587, and People v. Plywood Manufacturers of California, supra. Defendant presented no evidence to refute this testimony. There is, therefore, nothing on which we could base a finding that the defendant was within the exception to this ordinance. State v. Zammar, supra. The City, though not required to negate the exception, proved convincingly that defendant did, in fact, *not* come within the exception. Accordingly, his conviction under this ordinance is affirmed.

The judgment of the Court of Criminal Correction is affirmed.

SIMEONE, J., concurs in separate concurring opinion.

SMITH, WEIER, CLEMENS and KELLY, JJ., concur.

BRADY, C. J., and L. F. COTTEY, Special Judge, dissent.

SIMEONE, Judge (concurring).

I concur with the majority opinion.

The problem of when an exception to a statute or ordinance must be pleaded has plagued the courts for many years. There are innumerable cases in the "criminal" field but few ordinance cases. The general principles are relatively easy to state but, as always, the application to particular facts is extremely difficult. The general principle requiring the informant to plead the negative is stated as follows:

"Whenever an exception is contained in the section defining an offense, and

constitutes a part of the description of the offense sought to be charged, the indictment must negative the exception, otherwise no offense is charged . . . But where . . . the section which defines the offense contains a proviso exempting a class therein referred to, from the operation of the statute, it is unnecessary to negative the proviso, but the exemption therein contained must be insisted on by way of defense, by the party accused."

State v. Brown, 306 Mo. 532, 267 S.W. 864, 865, quoting from State v. O'Brien, 74 Mo. 549, 1. c. 551. See also State v. Bockstruck, 136 Mo. 335, 38 S.W. 317; State v. Price, 229 Mo. 670, 129 S.W. 650; State v. Smith, 233 Mo. 242, 1. c. 253, 135 S.W. 465; State v. Bess, 20 Mo. 419; State v. Shiflett, 20 Mo. 415; State v. Zammar, Mo., 305 S.W.2d 441 (quoting with approval State v. O'Brien, *supra*); State v. Bridges, Mo., 412 S.W.2d 455.

Another method of stating the general principle is that found in State v. Bridges, *supra*, 1. c. 457, quoting from State v. DeGroat, 259 Mo. 364, 168 S.W. 702, 1. c. 705:

" . . . But where such exceptions are not a part of the statutory definition of the crime, where they are contained in distinct and independent clauses of the statute, or in separate sections, it is not usually necessary either to plead them or to prove them. Such exceptions are pure matters of affirmative defense."

This ordinance, No. 54699, provides in Section twenty-five:

"No person shall cause or permit the emission of visible air contaminants in excess of the amounts specified . . . from the internal combustion engine of . . . 3. A motor vehicle after the vehicle has moved more than 100 yards from a place where the vehicle was stationary."

Then in a separate subsection, number "4", it states:

"4. This Section shall not apply when the presence of uncombined water is the only reason for the failure of an emission to meet the requirements of this Section."

I agree with the principal opinion for three reasons. First, the exception contained in subsection 4 is not descriptive of the offense sought to be charged. The offense is described in the body of Section twenty-five which states that no person shall permit the emission of visible air contaminants in excess of the specified amount from a motor vehicle after the vehicle has moved more than 100 yards. The offense is complete when the city alleges and proves the fact that the vehicle has moved more than 100 yards and emits visible air contaminants in excess of the amount specified, No. 2 on the Ringelmann Chart. The exception is not a part of the description of the offense sought to be charged. The description of the offense is the emission of visible air contaminants. Second, the exception is contained in a wholly separate paragraph numbered "4". It is contained in a "distinct and independent clause" of the ordinance and in a "separate section". Therefore, both formally and logically, the exception need not be pleaded by the City. Third, in recent years significant changes have been made in pleading municipal violations. Our Supreme Court has adopted rules relating to municipal courts. Rule 37.18 provides that "The information or complaint shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Rule 37.20 permits a full "bill of particulars". Rule 37.28 provides that "No information or complaint shall be deemed invalid, nor shall the trial, judgment or other proceedings thereon be . . . affected . . . tenth, for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits. . . ." As the principal opinion points out, these rules relating to the sufficiency of a complaint are developed by our Su-

**654**

preme Court in Kansas City v. Stricklin, Mo., 428 S.W.2d 721, l. c. 725–726:

"Since a proceeding for violation of a city ordinance is in the nature of a civil action, the same strictness in stating an offense is not required as in a criminal prosecution . . . an information or complaint charging the violation of a city ordinance is ordinarily sufficient where it describes the act complained of in the language of the ordinance . . ."

The exception in *Stricklin* (that the manufacture, possession and storage of gambling devices in the city for the purpose of sale outside the limits of Kansas City) was not pleaded and the court implicitly held that the information was sufficient. This court followed the *Stricklin* decision in City of St. Louis v. Goldman, Mo.App., 467 S.W.2d 99. See also University City v. Redwine, Mo.App., 376 S.W.2d 609, 613.

The following considerations that are met in this case are pertinent to test the sufficiency of the complaint:

(1) The defendant must be fairly and accurately apprised of the nature of the charge,

(2) The charge must be sufficiently definite to bar a subsequent prosecution for the same action, and

(3) Any defect in the information which does not prejudice the substantial rights of the defendant on the merits is not fatal.

In conclusion, above and beyond the requirements demanded in pleading a violation of a municipal ordinance, we are dealing with an ordinance designed to preserve, protect and improve the air resources of the City of St. Louis so as to promote health, safety and welfare and the comfort and convenience of the inhabitants of the City. We cannot ignore the numbers of motor vehicles which pass through the St. Louis area daily, nor can we ignore the efforts made in recent years by the legislative bodies of government—Congress, the

General Assembly and the Board of Aldermen of the City—to lessen air contamination. While the problems are not new, great emphasis is now placed on removing motor vehicle contaminants as much as possible.

Since I believe the complaint charged a complete violation, that it was unnecessary to allege the negative, that the Supreme Court Rules on pleading a violation of an ordinance have been satisfied, and for reasons of policy, I concur with the majority opinion.