**STATE of Missouri, Respondent,**

v.

**Edward Eugene LEWIS, Appellant.**

**No. 57203.**

Supreme Court of Missouri,
Division No. 2.

March 12, 1973.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Assist. Atty. Gen., Jefferson City, for respondent.

Shaw & Howlett, Charles M. Shaw, Clayton, for appellant.

STOCKARD, Commissioner.

Edward Eugene Lewis was found guilty by a jury of carrying a concealed weapon in violation of § 564.610, RSMo 1969, V. A.M.S., a felony, and the jury assessed his punishment at confinement for "not more than fifty days." The notice of appeal was filed prior to January 1, 1972. Appellate jurisdiction is in this court.

Appellant was arrested on November 29, 1970, in Union, Missouri, for a traffic violation and was taken to the police station. While there the police found in his right trouser pocket a loaded .25 caliber automatic pistol. Appellant testified that he knew that the pistol could not be seen while it was in his pocket, and that he had intentionally placed it there.

Appellant first contends that the court erred in overruling his motion for judgment of acquittal because the evidence failed to support a finding of an unlawful and felonious intent to conceal the weapon. He argues that the evidence showed that he did not intend to conceal the pistol.

■ In State v. Holbert, 416 S.W.2d 129 (Mo.1967), it was held that the offense of carrying a concealed weapon, as prohibited by § 564.610, requires evidence of an intent to conceal the weapon or to carry it concealed, but the element of intent may be presumed from a demonstrated concealment. It is seldom that direct evidence of an intent is available. It usually must be inferred from the circumstances. State v. Chevlin, 284 S.W.2d 563 (Mo.1955). In this case appellant intentionally placed the gun on his person at a place where it could not be seen. This authorized a finding by the jury of an intent to carry a concealed weapon. See also State v. Carter, 259 Mo. 349, 168 S.W. 679 (1914).

Appellant next challenges the verdict-directing instruction because it contained the phrase: "and if you further find that the defendant, Edward Eugene Lewis, is not a legally qualified sheriff, police officer or any other person whose bona fide duty is to execute civil and criminal process, make arrests, or aid in conserving the public peace, and if you further find that the defendant was not a person traveling in a continuous journey peaceably through this state, then you will find the defendant guilty of carrying a concealed weapon." This provision refers to persons excepted from the prohibition of § 564.610 when engaged in certain activities.

■ Appellant argues that the quoted provision placed upon him the burden to prove to the jury that he was engaged in one of the occupations mentioned. We do not agree. The burden was on the State to prove all the elements of the offense. § 564.610 makes it an offense for anyone to carry a concealed weapon except persons in certain activities. Therefore, to sustain its burden, the State was required to present evidence from which a jury could find that the accused was not engaged in an excepted activity. The instruction, when read as a whole, provided that before the jury could convict it had to find and believe from the evidence beyond a reasonable doubt all the elements of the offense

therein set forth, including the negative of the exceptions contained in the statute.

Appellant cites State v. Commenos, 461 S.W.2d 9 (Mo. banc 1970), and Stump v. Bennett, 8 Cir. 1968, 398 F.2d 111. These cases are not in point. Each case involved a statute which specifically placed a burden of proof on the accused, which is not true in this case.

Appellant's third and last point is that the court should not have accepted the verdict because it did not follow the court's instruction and was not in accord with the provisions of the statute.

The minimum punishment provided for by § 564.610 is "imprisonment in the county jail [for] not less than fifty days." The jury's verdict assessed appellant's punishment at imprisonment for "not more than 50 days."

■■■ In State v. Perry, 233 S.W.2d 717 (Mo.1950), it was held that a verdict must be certain, positive, and free from ambiguity. However, a verdict is not to be tested by technical rules of construction. The controlling object is to ascertain the intent of the jury, and if this is disclosed, the verdict is good though irregular in form. State v. McCarthy, 336 S.W.2d 411, 417 (Mo.1960). See also State v. Lovitt, 243 Mo. 510, 147 S.W. 484 (1912). The verdict in this case evidenced an intent that appellant receive the minimum period of imprisonment in the county jail. The punishment is authorized by the applicable statute, and although somewhat irregular in form it is sufficient.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.