**STATE of Missouri, Respondent,**

v.

**Anargyros G. COMMENOS, Appellant.**

**No. 54683.**

Supreme Court of Missouri,
En Banc.

Dec. 14, 1970.

Nicholas G. Gasaway, Asst. Prosecuting Atty., Clayton, for respondent.

Richard B. Dempsey, Clayton, for defendant-appellant.

FINCH, Judge.

This case, written on recent reassignment, involves a charge of stealing property worth less than $50.00, a misdemeanor. §§ 560.156, 560.161, V.A.M.S. A fine of $100.00 was assessed and defendant appealed to the St. Louis Court of Appeals, complaining of the verdict-directing instruction and the refusal of the trial court to give instructions which defendant tendered. In response, the State justified refusal of the trial court to give Instruction 1–A on the ground that § 560.156, subd. 3, on which it was based, was unconstitutional in that it improperly shifted the burden of proof as to intent from the State to the defendant. Defendant then joined in that attack on the statute and as a result the Court of Appeals concluded in State v. Commenos, No. 33303, decided April 15, 1969, that construction of the due process clause of the Fourteenth Amendment to the Constitution of the United States was involved. Accordingly, under Art. V, §§ 3 and 11, Constitution of Missouri, 1945, the case was transferred to this court. We reverse and remand.

We state the facts substantially in the manner recited in the Court of Appeals opinion. According to the State's evidence, defendant, while in the infants' wear department on the second floor of the Famous-Barr store in Clayton, removed from the rack a $7.00 baby dress which he folded and put in his pocket. He then made another purchase in the department, after which he took the escalator to the basement floor. Meanwhile, a saleswoman

called the store security office and a store detective followed defendant down the escalator. Defendant noticed him, turned around and went back up the escalator to the second floor, removed the dress from his pocket and put it on a counter in the infants' wear department. The security officer then detained defendant, taking him to the security office, after which Clayton police were called and defendant was arrested.

According to the defendant, he went to the store with his wife and child. They first went to the basement infants' wear department and then defendant left and went to the department on the second floor. There he made one purchase and took a baby dress from a rack, telling the saleslady that he wanted to buy it but first wanted to show it to his wife. He left the department with the dress on a hanger and went to the escalator to the basement but did not find his wife. He returned to the first floor, and when he did not find her there, he went back to the infants' wear department on the second floor and put the dress on the counter. He then went to the first floor, where he was placed under arrest.

The trial court gave the following verdict-directing instruction:

Instruction No. 1

If you find and believe from the evidence beyond a reasonable doubt, that on the 5th day of July, 1967, the defendant did wilfully and unlawfully take, steal and carry away from the possession of Famous-Barr, a division of May Stores, Inc., a corporation, the property mentioned in the evidence, to-wit: an infant's dress, and, if you further find and believe from the evidence beyond a reasonable doubt, that the said property, if you so find, was the property of the said corporation, and if you further find and believe from the evidence beyond a reasonable doubt that said property, if you so find, was of the value of less than $50.00, then you will find the defendant

guilty of Stealing Property Under the Value of $50.00, and you will assess his punishment at imprisonment in the County Jail for not more than one year or by a fine of not more than one thousand dollars, or by both such fine and imprisonment. Unless you so find the facts to be, you will acquit the defendant altogether.

"Wilfully", as that term is used in these instructions, means intentionally, not accidentally.

"Stealing", as that term is used in these instructions, means to appropriate by exercising dominion in a manner inconsistent with the rights of the owner, either by taking, obtaining, using, transferring, concealing or retaining possession of its property. The moving of the property alleged to have been stolen from the place where it was before, however slight, is sufficient to constitute stealing.

Defendant's first complaint was that said instruction is erroneous. He complains that while the statute makes it unlawful to "intentionally steal," and even though the sole contested issue in the case was one of intent, the instruction does not require the jury to find that the defendant *intentionally* stole the dress in question. Defendant further emphasizes that the last sentence of the instruction told the jury that it could convict the defendant if it found only that he had moved the dress. In other words, according to defendant, it would make no difference if the jury believed the defendant when he said he intended to show the dress to his wife and did not intend to keep it, because the instruction said that it was stealing if the jury simply found that he had moved the dress.

It is true that Instruction No. 1, in submitting the issue of whether defendant did take, steal and carry away the infant's dress, did not include the word "intentional." However, as the State points out, it did use the words "wilfully and unlawfully take, steal and carry away," and the in-

struction defined "wilfully" as meaning "intentionally." Hence, to find a wilful taking, the jury was required to find an intentional taking. Furthermore, the instruction defined "stealing" in the terms of the statute, § 560.156, subd. 1(2). Such a definition has been held to be sufficient. State v. Price, Mo., 362 S.W.2d 608[5]; State v. McWilliams, Mo., 370 S.W.2d 336[6]. See also State v. Miles, Mo., 412 S.W.2d 473. We conclude and hold that failure to include the term "intentionally" along with "wilfully and unlawfully" did not make the instruction bad.

■ However, as defendant points out, this instruction did not stop with the statutory definition of "stealing." It added the following sentence: "The moving of the property alleged to have been stolen from the place where it was before, however slight, is sufficient to constitute stealing." As previously indicated, defendant contends that this language, when applied to the evidence in this case, told the jury that it could convict defendant if he simply moved the dress, irrespective of whether his intent was to keep the dress or to show it to his wife. We conclude that defendant's position in this connection is well taken. The sentence is not qualified in any way, but simply makes the bald statement that moving of the property from the place where it was before, however slight, is sufficient to constitute stealing. That is not correct unless the movement of the article was to intentionally steal it. Consequently, we conclude that inclusion of that sentence in Instruction No. 1 was misleading and erroneous and that as a result the case must be reversed and remanded for a new trial. When the case is retried, the objectionable sentence at the end of Instruction No. 1 should be eliminated.

This disposition of the case ordinarily would make unnecessary any consideration of defendant's complaint with respect to refusal of the trial court to give Instruction No. 1-A. However, both the State and defendant contend that paragraph 3 of §

560.156, on which Instruction 1-A was based, is unconstitutional, and defendant also asserts that as a result the whole section is void and unconstitutional. We conclude that we should rule this question for obviously it will arise again on a retrial of this case.

Section 560.156 reads as follows:

1. As used in sections 560.156 and 560.161, the following words shall mean:

(1) "Property", everything of value whether real or personal, tangible or intangible, in possession or in action, and shall include but not be limited to the evidence of a debt actually executed but not delivered or issued as a valid instrument and all things defined as property in sections 556.070, 556.080 and 556.090, RSMo;

(2) "Steal", to appropriate by exercising dominion over property in a manner inconsistent with the rights of the owner, either by taking, obtaining, using, transferring, concealing or retaining possession of his property.

2. It shall be unlawful for any person to intentionally steal the property of another, either without his consent or by means of deceit.

3. If the property stolen within the meaning of subsection 2 is a chattel and the person charged with stealing the same proves by a preponderance of the evidence that no further transfer was made, and that, at the time of the appropriation he intended merely to use the chattel and promptly to return or discontinue his use of it, he has a defense to a prosecution under subsection 2. "Chattel" as used in this section does not include money, securities, negotiable instruments, documents of title, postage or revenue stamps, or other valuable papers.

4. A person who appropriates lost property shall not be deemed to have stolen the same within the meaning of subsection 2, unless such property is

found under circumstances which give the finder knowledge of or means of inquiry as to the true owner.

Pursuant to paragraph 3 of the above statute, defendant tendered Instruction No. 1–A, as follows:

If the jury finds and believes *from the preponderance of the evidence* that at the time the defendant took possession of the dress mentioned in the evidence he intended to use the dress for the purpose of exhibiting it to his wife and further intended promptly to return the dress and to discontinue the use of the dress, then in this event, the jury shall find the defendant not guilty of the charge of stealing under Fifty Dollars. (Emphasis supplied.)

The giving of an instruction such as 1–A above has been approved previously in State v. Mace, Mo., 429 S.W.2d 734[4], and State v. Gale, Mo., 322 S.W.2d 852[8]. However, in neither of those cases was any question raised as to the constitutionality of paragraph 3 of § 560.156, pursuant to which the instruction was given.

■ We conclude that paragraph 3, in shifting the burden of persuasion from the State to the defendant as to the intent with which a chattel allegedly was taken, violates the due process clause of the Fourteenth Amendment to the Constitution of the United States. Intent to steal the property of another is an essential ingredient of a crime under § 560.156. Paragraph 2 provides that, "It shall be unlawful for any person to *intentionally steal* the property of another * * *" (emphasis supplied). Unless the State proves such intent beyond a reasonable doubt, the defendant must be acquitted. Nevertheless, paragraph 3 of § 560.156 goes on to say that the person charged has a defense *if* he proves *by a preponderance of the evidence* that he intended only to use the property temporarily and intended to return it or discontinue its use and if he proves that no further transfer was made. This section does not provide for a converse of the

State's verdict-directing instruction under which the jury would be told that defendant should be acquitted unless they found that he intended to take and retain the chattel. Rather, it says defendant is entitled to acquittal *if he proves by a preponderance of the evidence* that he intended merely to use and then return the article. That shifts the burden of persuasion.

A rather similar Iowa statute with reference to alibi was held to be violative of the Fourteenth Amendment in the case of Stump v. Bennett, 8 Cir., 398 F.2d 111. The statute in question required a defendant to prove the defense of alibi by a preponderance of the evidence. The court held that an essential of the State's case was to show presence of and participation by defendant in the crime and that a statutory requirement that defendant prove his presence elsewhere for that to be a defense violated defendant's basic constitutional rights. In so holding, the court said, l. c. 118: "When the burden of persuasion is shifted to the defendant to disprove essential elements of a crime, as it was in the instant case, then it is certain that the due process clause of the Fourteenth Amendment has been violated."

Accordingly, we hold that the first sentence of paragraph 3 of § 560.156 is unconstitutional and an instruction thereunder should not be given. This does not mean to imply that a proper converse instruction tendered by defendant on the issue of intent should not be given.

■ Finally, we give attention to the further contention of defendant that if the first sentence of paragraph 3 of the section is bad, then the whole statute is unconstitutional and void. We disagree. The offense of stealing is prohibited in paragraph 2 of § 560.156. The first sentence of paragraph 3 relates solely to a defense of lack of intent and particularly to the burden of proof with reference thereto. When it is deleted, the lack of intent to steal, if the jury concludes that the State has not proved the requisite intent, will still entitle

defendant to acquittal. The only deletion is the unconstitutional shifting to the defendant of the burden of disproving an essential element of the State's case. We hold that the statute, with the first sentence of paragraph 3 deleted, is still a complete and valid statute.

Reversed and remanded.

HENLEY, C. J., DONNELLY, SEILER, MORGAN, and HOLMAN, JJ., and SHANGLER, Special Judge, concur.

BARDGETT, J., not participating because not a member of the Court when cause was submitted.