**STATE of Missouri, Respondent,**

v.

**Bobbie Ray GARDNER, Appellant.**

**No. 9386.**

Missouri Court of Appeals,
Springfield District.

May 27, 1975.

John C. Danforth, Atty. Gen., Dan Summers, Asst. Atty. Gen., Jefferson City, for respondent.

John B. Newberry, Springfield, for appellant.

FRANK C. CONLEY, Special Judge.

A jury found defendant guilty of selling a controlled substance under the Narcotic Drug Act and assessed his punishment at twelve (12) years confinement. § 195.200, RSMo 1969, V.A.M.S. The defendant assigns as error on this appeal: (1) that the sentence imposed is so severe as to shock the conscience of the court, (2) allowing E. L. Porter to identify himself as a Highway Patrol undercover agent, (3) submitting the case to the jury inasmuch as the state failed to establish a crime under the drug laws, (4) allowing the prosecuting attorney to question each of the veniremen about their church affiliation.

Trooper E. L. Porter of the Missouri State Highway Patrol testified that on the evening of July 7, 1971, at approximately 11:55 p. m. he met the defendant at Phelps Grove Park in Springfield, Missouri, and purchased from him "one lid" of marijuana for the sum of $15.00. Trooper Porter also testified that at the time of this sale the

defendant did not have a beard and that if he had a mustache it was just beginning to grow. The State called one other witness, Everett Markway, Jr., a chemist for the Missouri State Highway Patrol who testified that the substance purchased by Trooper Porter was cannabis sativa, commonly called "marijuana."

The defendant offered testimony from six witnesses including the defendant. These witnesses testified that at the time in question the defendant had a full-grown beard.

We consider the points raised by defendant in reverse order. The defendant alleges that error was committed by the trial judge in allowing the prosecuting attorney to question each of the veniremen about their church affiliation.

■ A review of the record discloses while jurors were in fact questioned in this regard, at no time during such part of the voir dire examination did the defendant object to such questioning. Voir dire examination is conducted under the supervision and largely within the discretion of the trial court, State v. Crockett, 419 S.W.2d 22 (Mo. 1967). The trial court must be given the opportunity by timely objection to pass upon the propriety of questions, and where the defendant forgoes objection, as occurred here, the trial court should not be convicted of error for allowing the questions. State v. Thomas, 452 S.W.2d 160 (Mo.1970), unless there be plain error. A review of this record does not so indicate. This point is ruled against defendant.

The defendant next alleges that the court erred in submitting this case to a jury inasmuch as the State had failed to establish a crime under the drug law.

■ An examination of defendant's motion for new trial fails to disclose such an assignment of trial court error. Since errors not assigned in the motion for new trial are not preserved for appellate review, State v. Rowden, 452 S.W.2d 210 (Mo.1970),

defendant cannot now argue this point unless the situation calls for invocation of the "plain error" rule (Rule 27.20(c), V.A.M.R.). Aside from the fact that defendant has waived the objection by not raising same in the motion for a new trial, the contention is ill-founded on the merits. First, from an examination of the record, it does not appear that defendant requested a definition, and words of common usage which are generally understood when used in jury instructions need not be defined in the absence of a request to do so. State v. Goodman, 490 S.W.2d 86, 87[1] (Mo.1973). Secondly, even if so requested the court was under no obligation to define "marijuana" for the jury. The key word under the old statute is "cannabis," not marijuana. Accordingly, this point is likewise ruled against defendant.

■ The defendant's third contention is that it was error to allow E. L. Porter to identify himself as a Highway Patrol undercover agent. The defendant's contention that it was prejudicial to the defendant to permit Trooper Porter to identify himself as a member of the Missouri State Highway Patrol working undercover at the time of this offense is disposed of by a consideration of § 43.180, RSMo 1969, V.A.M.S., which reads as follows:

"43.180. Powers of patrol members—investigation of crime, how paid for

The members of the state highway patrol, with the exception of the director of radio and radio personnel, shall have full power and authority as now or hereafter vested by law in peace officers when working with and at the special request of the sheriff of any county, or the chief of police of any city, or under the direction of the superintendent of the state highway patrol, or in the arrest of anyone violating any law in their presence or in the apprehension and arrest of any fugitive from justice on any felony violation. The members of the state highway patrol shall have full power and authority to

make investigations connected with any crime of any nature. The expense for the patrol's operation under this section shall be paid monthly by the state treasurer chargeable to the general revenue fund, provided, however, the amount appropriated from the general revenue fund shall not exceed ten per cent of the total amount appropriated for the Missouri state highway patrol. (L.1943 p. 652 § 8358a; L.1949 p. 293)"

Trooper Porter testified that he was working in Springfield at the request of the County Sheriff. Therefore, pursuant to the statute, he possessed the authority "to make investigations connected with any crime of any nature." See also § 195.190, RSMo 1969, V.A.M.S. This, likewise, is ruled against defendant.

We turn then to the first contention raised by the defendant, that the sentence imposed is so severe as to shock the conscience of the Court.

■ Clearly, the punishment was well within the range provided by statute. § 195.200(4), RSMo 1969, V.A.M.S. And while the trial court was authorized to reduce the sentence, it did not choose to do so. It should be noted that in his motion for new trial the defendant did not allege as an abuse of discretion the failure of the trial court to reduce the sentence. The general rule with regard to a reviewing court's authority to reduce a sentence is that the necessary passion and prejudice and abuse of discretion must clearly appear in the record. State v. Agee, 474 S.W.2d 817, 820–821[11] (Mo.1971); State v. Mucie, 448 S.W.2d 879, 889[11] (Mo.), cert. denied 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed.2d 271 (1970); State v. Caffey, 365 S.W.2d 607, 610[6] (Mo.1963).

■ The *Mucie* case is helpful in consideration of this point in that it enumerates a list of factors which bear upon a request for a reduction of sentence. These factors are as follows: (1) was the penalty the maximum provided by law, (2) was the crime a brutal one, (3) how long did it take the jury to reach its verdict, (4) were there instances of inflammatory conduct or other prejudice producing events in the trial. 448 S.W.2d at 889.

Additionally, the *Mucie* court admonished that merely comparing other lesser punishment imposed for the same crime in similar factual contexts would be to no avail unless the compared cases actually involved a reduction of sentence. Guided by the check list enumerated in the *Mucie* case, it is abundantly clear that there are no grounds for a reduction of the sentence in the case at bar. The record is totally devoid in this case of any indication that either in the evidence which was introduced and presented to the jury which heard this case and which assessed the punishment or in the argument or conduct of counsel in the trial of this case that there was anything which in any way could be construed as prejudicial and inflammatory and which resulted in a sentence being assessed which was prejudicial to this defendant.

As has so often been noted, the punishment fixed was within the range of punishment provided by the statute, and we shall not fault the trial judge who heard the evidence.

Accordingly, we affirm.

BILLINGS, C. J., HOGAN and TITUS, JJ., and REINHARD, Special Judge, concur.

STONE, J., not sitting.

FLANIGAN, J., not participating because not a member of this Court at the time the cause was submitted.