**STATE OF Missouri, Respondent,**

v.

**Ronald L. WILLIAMS, Appellant.**

**No. KCD 27661.**

Missouri Court of Appeals,
Kansas City District.

June 2, 1975.

Robert F. Pyatt, Chillicothe, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

PRITCHARD, Chief Judge.

By the verdict of a jury, appellant wss convicted of the crime of burglary in the second degree and stealing in connection therewith. The jury was unable to agree upon the punishment and the court imposed it at 10 years for the burglary and 5 years for the stealing, to run consecutively.

Three points are presented: (1) That appellant's sole witness, his mother, was improperly impeached because a certified copy of the record, instead of the actual court record, of her conviction was used, and the sheriff of Livingston County was permitted to testify that he was present when the witness entered her plea of guilty to a forgery charge; (2) that the court erred in reading an instruction to the jury which was in error in informing the jury that the minimum penalty for the burglary in the second degree was 5 years, when in fact it was 2 years, and that the error was not cured by the court's correcting the written instruction; and (3) that there was no evidence to support an instruction concerning appellant's presence at or near the scene of the crime.

As to the first point, appellant called his mother, whose testimony tended to show an alibi. On cross-examination she was asked and denied that she had ever been convicted of a felony; that she did not appear in the Livingston County Circuit Court on January 20, 1958; she did not plead guilty to a felony on that date; and that she was not the same person who was placed on parole and released therefrom on January 18, 1960. On rebuttal, the state offered certified copies of the court proceedings of the witness' guilty plea, judgment, and sentence for forgery, which were received over appellant's objection that they were not the best evidence. The court also received the testimony of Sheriff Reeter that the witness was indeed the same person who was in court and who was convicted in 1958, that there was no other person by her name that he had heard of in Livingston County. Appellant's mother then again took the stand and again testified that she was not the person convicted in 1958 of forgery.

█ § 491.050, RSMo 1969, V.A.M.S., provides that a conviction of a criminal offense may be proved to affect a witness' credibility, either by the record or by his own cross-examination, "and the party cross-examining shall not be concluded by his answer." The witness here denied ever having been convicted, or that she was the same person as shown by the records of having been convicted. The words of the

statute are that the state was not concluded by her answer. The records were of course admissible to show the conviction under § 491.050, and under § 491.130 relating to the admissibility of certified copies of the record in lieu of the record itself. State v. Taylor, 274 S.W. 47, 49 (Mo.1925). That record name and the name of appellant's mother were the same which raises a presumption of identity without a further showing, but the presumption may be rebutted. State v. Barnholtz, 287 S.W.2d 808, 812 (Mo.1956). Since there was an issue for the jury as to identity by reason of the witness' denial that she was the person convicted of forgery in 1958, it was not improper that the testimony of the sheriff was received to rebut that testimony. Point I is overruled.

■■■ The court corrected the erroneous instruction as to the minimum punishment that might be imposed before the jury retired to consider its verdict, which was entirely proper under State v. Sawyer, 367 S.W.2d 585, 588[6–8] (Mo.1963), and State v. Taylor, 293 Mo. 210, 238 S.W. 489, 494[8] (1922). Furthermore, here the jury could not agree upon punishment and left the matter to the trial court. The first given, but later corrected, instruction could not have been prejudicial. See State v. Wheeler, 108 Mo. 658, 18 S.W. 924 (1892); and compare State v. Wade, 306 Mo. 457, 268 S.W. 52, 56 (1924). Point II is overruled.

■■■ Appellant's last contention is that there was no evidence to support the submission of appellant's presence at or near the scene of the offense as contained in the second sentence of Instruction No. 8 [MAI–CR 2.10]. The state says appellant did not object to the instruction at the time it was given. He did raise the issue in his motion for new trial which is all he was required to do under Rule 20.03 V.A.M.R. On the merits of the issue the evidence is this: Shortly before midnight on July 20, 1973, appellant drove one Richter to within about ¼ mile from the Municipal warehouse where Richter got out. They had been discussing how they would get some money. Richter testified that he, alone, walked to the building, broke into it, and took goods and cash. He then walked back to the place where appellant had dropped him off, and appellant was there in the car. Appellant got out, opened the trunk and the stolen goods were placed inside it. The two then drove about 7 miles out of town to a vacant house which Richter was renting and hid the goods in it. A few days later appellant tried to sell the goods to one James, who declined to buy it after appellant told him the goods were "kind of warm." Appellant later sold the goods to one Johnson, and Richter and appellant shared the proceeds. The evidence of appellant's presence within ¼ mile of the building, both before and after it was broken into, does not stand alone. The instruction merely told the jury that those facts could be taken into consideration together with all the evidence in determining appellant's guilt or innocence. This is in accordance with established law, State v. McCreary, 504 S.W.2d 132, 134[1–5] (Mo. App.1973) and cases cited; State v. Stockdale, 415 S.W.2d 769 (Mo.1967). The instruction is supported by the evidence, and Point III is overruled.

The judgment is affirmed.

All concur.