STATE of Missouri, Respondent,

v.

Nathaniel BUTLER, Appellant.

No. 36270.

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 9, 1976.

Doris Gregory Black, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Charles Howard, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Thomas C. Muldoon, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant-appellant was convicted of robbery and first-degree murder. His points on appeal include pre-trial identification and lineup conduct; instructions; limitation of cross examination of a witness and the State's proof defendant's act was the cause of the victim's death. We find no reversible error and affirm. Defendant's motion to reduce the amount of bail was taken with the case and is ordered denied.

Several witnesses viewed defendant at a lineup. Immediately before trial defense counsel moved to suppress these identifications. Defendant now contends (1) a photographic showing to one witness was suggestive; (2) witnesses were permitted to congregate outside the lineup identification room; (3) police in charge of the lineup failed to alter defendant's position after each witness' view; (4) lineup co-participants did not resemble defendant and (5) defendant was denied his right to counsel at the lineup.

Defendant has not diligently drawn our attention to parts of the record supporting his factual allegations. The only evi-

dence on points (2) and (4) above indicate police did separate witnesses after each view and all co-participants in the lineup closely resembled defendant since police did segregate witnesses after their views they could not discuss defendant's position in the lineup and there was no reason to change his position. Since the record does not support defendant's position on these points, they are denied. See *State v. Neal,* 484 S.W.2d 270[2] (Mo.1972).

■ Similarly, defendant fails to show suggestiveness in the photographic display. Eight to 12 photos, including one of defendant, were handed to one witness. He was told to "look through the stack of photographs, take his time, and be sure, and if he wasn't sure, to be sure and tell us." The record does not bear out defendant's allegations of suggestiveness and the point is denied. *State v. Wallace,* 504 S.W.2d 67[13] (Mo.1973).

■ All three lineup witnesses viewed defendant at close range on the day of the offense. Each made positive in-court identifications. Even if there were suggestiveness in a photo or lineup identification, "where there is an untainted positive in-court identification made upon a factual basis independent from such photographic or lineup procedures, such in-court identification is proper." *State v. Rutledge,* 524 S.W.2d 449, 456[5] (Mo.App.1975) and *State v. Ross,* 502 S.W.2d 241[2] (Mo.1973).

■ Defendant's last suppression point is that he was denied counsel at the lineup. The lineup was conducted the day following the robbery/murder; no information or indictment had been filed. There is no constitutional right to counsel at a pre-indictment lineup. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Nor at a photographic showing. *U. S. v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973).

We hold the trial court's refusal to suppress identification was not erroneous.

Three instructions are claimed to be erroneous. Instructions Nos. 4 and 8 are said to be at variance with the indictment, inhibiting defendant's ability to prepare a defense. Instruction No. 6, the verdict director for robbery, is said to omit essential elements of the offense.

■ Instruction No. 4 is a felony murder instruction. It is a proper submission of MAI–CR 6.19, pre-September 1975 amendment. Since the indictment charging defendant with murder contains no specific reference to felony murder in connection with a robbery, defendant contends he was prejudiced. We disagree.

"A prosecution for first degree murder which occurs in the perpetration of a felony enumerated in § 559.010 may be on the basis of an indictment or information which charges a wilful, deliberate and premeditated killing, without referring to the fact that the homicide occurred during perpetration of a felony mentioned in the so-called felony-murder statute. . . . The state should not be required to recite in its indictment the proof or the fact that such proof that it will offer to establish premeditation or deliberation will be supplied by showing that the homicide occurred in the perpetration of a robbery. The indictment was sufficient to advise the defendant of the nature and cause of the accusation against him . . . ." *State v. Beal,* 470 S.W.2d 509, 512[1, 2] (Mo.1971).

■ Instruction No. 8, MAI–CR 2.10, was proper even though the indictment did not charge defendant acted jointly with another. Defendant contends the indictment's failure to refer to a co-participant limited the State's right to submit that defendant acted with another person. As part of this point, defendant challenges the indictment's validity. It is proper to include the names of persons charged jointly in an indictment, "although failure to so join them does not invalidate the pleadings." Section 545.140, V.A.M.S. See *State v. McKissic,* 358 S.W.2d 1 (Mo.1962), upholding an information which charged the de-

fendant only with having committed a robbery even though the evidence was that the defendant had planned the robbery with others and was present with them when it occurred.

■ The State's evidence warranted MAI–CR 2.10. It showed defendant acted with another in committing the crimes. MAI–CR 2.10 Notes on Use require the instruction be given when "defendant was an active participant in the crime or its attempt, even if he was not the principal actor . . . ." It was proper to admit testimony that another person participated in the crime. The fact of joint participation tended to show the manner of the crime's commission; its disclosure at trial did not adversely affect the defendant's rights. The point is denied.

■ Instruction No. 6 follows MAI–CR 7.62, verdict director for first-degree robbery by means of a dangerous and deadly weapon. Defendant's motion for new trial alleged error in these words: "That the Court erred in the giving of Instruction No. 6 in that Instruction No. 6 is improper upon its face in view of Instruction No. 4." On appeal, defendant broadens this by contending the instruction omitted essential elements of the offense. His claim of error was vaguely stated initially. General allegations preserve nothing for review and since the alleged error of omission in the instructions was not raised below we do not consider it here. State v. Watson, 511 S.W.2d 890[5–8] (Mo.App.1974); State v. Gardner, 524 S.W.2d 38[4–6] (Mo.App.1975). Plain error Rule 27.20(c) has not been alleged and we find no manifest injustice justifying our intervention.

The following cross examination of the prosecution witness/victim took place during trial:

"Q: Now, let's go back to the night of the shooting and the robbery. You say he took your rings?

A: Yes, sir.

Q: What kind of ring was it?

A: A diamond ring.

Q: Where did you buy it?

A: From a friend?

Q: From a friend?

A: Yes, sir.

Q: Who—

MR. MULDOON: I object. It's immaterial.

MR. BELL: He may not have even had that ring. He said he had a ring. I've got the right to explore it.

MR. MULDOON: It doesn't make any difference where it comes from.

THE COURT: Sustained.

MR. BELL: I'll make an offer of proof. I make an offer of proof to show that this man, if he were allowed to answer the question, he would say he didn't know who the friend was. I have my serious doubts he ever had the ring. . . ."

■ The scope of cross examination is within the broad discretion of the trial court. State v. McAllister, 468 S.W.2d 27[6–9] (Mo.1971), and State v. Williams, 492 S.W.2d 1[2, 3] (Mo.App.1973). It is not error to refuse to admit immaterial facts. State v. Walden, 490 S.W.2d 391[1–3] (Mo.App.1973). Ownership was a collateral issue. No reasonable possibility exists that sustaining this narrow objection on grounds of immateriality contributed to defendant's conviction. Where the jury receives the gist of the testimony defendant attempts to elicit, error in sustaining objections to an isolated question is not prejudicial. State v. Garrett, 391 S.W.2d 235[9] (Mo.1965).

■ Appellant's last point is that the State failed to prove causation. Eye witnesses identified defendant as the person who shot the victim. Dr. Thomas, the coroner's physician, testified the victim "died from the complications of the bullet"; he opined the victim's death was septicemia caused by infection from the bullet. "One who inflicts an injury on another is deemed by the law to be guilty of homicide if the

injury contributes mediately or immediately to the death of such other. The fact that other causes contribute to the death does not relieve the actor of responsibility." *State v. Cheatham,* 340 S.W.2d 16, 20[7–9] (Mo.1960). Viewing the evidence in a light favorable to the State, we rule it was sufficient to establish defendant's act as the cause of death.

Judgment affirmed.

DOWD and STEWART, JJ., concur.