STATE of Missouri, Plaintiff-Respondent,

v.

Jimmy Frank JOHNSON,
Defendant-Appellant.

No. 10442.

Missouri Court of Appeals,
Springfield District.

Jan. 17, 1977.

Motion for Rehearing or to Transfer
Denied Feb. 9, 1977.

John C. Danforth, Atty. Gen., David L. Baylard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Daniel P. Wade, Ava, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant Jimmy Frank Johnson's initial appeal of his first degree burglary conviction in Douglas County was dismissed because it was not timely filed. *State v. Johnson*, 539 S.W.2d 322 (Mo.App.1976). Thereafter, on application, we granted leave to file a late appeal pursuant to Rule 28.07, V.A.M.R. This appeal followed. We affirm.

A rural Douglas County housewife, four months pregnant, and her four-year-old son were in the kitchen of their home late in the afternoon of March 19, 1974, when there occurred a loud crash at the back door of the dwelling. A large hole appeared in the door. The housewife heard and recognized defendant's voice telling her not to go for a gun and that he was going to kill her and her son. Using the butt of his rifle as a battering ram, the hole in the door was enlarged so that the defendant's hands and a part of the rifle protruded into the house. The housewife called out "Jesus," whereupon the defendant ceased his attack on the door and left the scene. He testified he could not remember what happened.

Defendant's point that the trial court should have instructed on burglary in

the second degree was not in his motion for new trial and thus not preserved for our review. *State v. Henderson*, 510 S.W.2d 813, 821–822 (Mo.App.1974); Rule 27.20(a), V.A.M.R. The plain error doctrine, Rule 27.20(c), is not applicable for several reasons. Matters relating to instructions are not subject to review as plain error unless the trial court has misdirected or failed to instruct the jury on the law of the case so as to cause manifest injustice. *State v. Walker*, 505 S.W.2d 119, 122 (Mo.App.1973). The evidence clearly demonstrates defendant was guilty of the crime charged. There was a breaking of the door. *State v. Carey*, 486 S.W.2d 443, 446 (Mo.1972). Entry was by defendant's hands and the rifle which protruded through the hole in the door. *State v. Tierney*, 371 S.W.2d 321 (Mo.1963). Defendant voiced his intent to kill the occupants of the house. An instruction on the lesser offense of second degree burglary would not have been supported by the evidence, whereas the state's case vividly showed the commission of the more serious offense. *State v. Watson*, 364 S.W.2d 519, 522 (Mo.1963); *State v. McCoy*, 530 S.W.2d 8 (Mo.App.1975).

Defendant's complaint in the argument portion of his brief in support of his first point, attacking the state's verdict director, is not reviewable. It was not contained in his motion for new trial, nor in his points relied on, and the instruction is not set forth in his brief. Rule 27.20(a), Rule 84.04, V.A.M.R. However, we observe that the state assumed an undue burden in submitting the alternative methods of establishing first degree burglary as set forth in § 560.040, RSMo 1969, even though the evidence supported both submissions. No prejudice resulted. *State v. Cusumano*, 372 S.W.2d 860, 864 (Mo.1963); Rule 26.06, V.A.M.R.

The use of the term "Count I" in the instructions did not, contrary to defendant's second point, place before the jury evidence of other crimes charged against the defendant.[1] No evidence of other

---

1. Defendant was charged in a three-count information. On the day of trial the court, on defendant's objection, required the state to elect which count would be tried. The record

crimes was injected into the trial and defendant has not pointed out in what manner he was prejudiced by the use of the term. The instructions were limited solely to the crime of first degree burglary. Nothing more, nothing less. The point is without merit.

■ A statement by a member of the jury panel during voir dire is the subject of defendant's final point.[2] No objection was made, nor did defendant seek the discharge of the panel. Consequently, the trial court was not obligated to discharge the panel sua sponte. No plain error appears. The defendant's assertion that the entire panel was poisoned by the unsolicited remark is not supported by the record.

Judgment affirmed.

All concur.

indicates all three offenses arose out of a common plan or scheme and under Rule 24.04, V.A.M.R., were properly charged in one information.

2. "I think they don't do enough to [criminal defendants] when they catch them."