**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Gregory Bryant JONES,
Defendant-Appellant.**

**No. 37613.**

Missouri Court of Appeals,
St. Louis District,
Division 4.

March 7, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 10, 1978.

---

Charles E. Kirksey, Jr., Harris, Kirksey & Thomas, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard L. Poehling, Asst. Circuit Atty. St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant-appellant, Gregory Bryant Jones, was found guilty by a jury of attempted rape, § 559.260 RSMo 1969, and was sentenced by the court to six years imprisonment under the Second Offender Act. § 556.280 RSMo 1969. He appeals. For reasons hereinafter stated we affirm.

Since defendant questions the sufficiency of the evidence, we will review the evidence in the light most favorable to the State together with all reasonable inferences deducible therefrom and will disregard defendant's evidence except as it aids the cause for the State. *State v. Scruggs*, 551 S.W.2d 306, 308 (Mo.App.1977). It is from the testimony of the prosecutrix that the State draws most of the facts of this case.

A jury could reasonably find the following facts. On December 1, 1973, the prosecutrix, then age 15, and her girl friend were walking down Virginia Avenue in the City of St. Louis, travelling from a store to prosecutrix's home. The time was approximately 6:00 p. m., and it was dark. The victim saw the defendant on the sidewalk and because she was slightly acquainted with him recognized him as Gregory Jones. Defendant approached her making persistent efforts to talk to her. When the victim rebuffed him he pulled her across the street. The victim then hollered, and defendant twisted her arm and pulled her to the back porch of an unlit house. When they got to the back of the house defendant threw a brick at the victim's friend and then, at prosecutrix's urging, she left to get help. After the friend left, defendant picked the victim up and placed her in a prone position on the porch. Because she was struggling he slapped her in the face. He then pushed up her dress and pulled her panties down to her ankles. She did not see defendant unzip his trousers and did not actually see defendant's penis. Prosecutrix testified that during the struggle she felt his penis on her leg. At this point, before penetration was achieved, the friend returned with the victim's brothers and defendant got up and ran away.

Prosecutrix's friend, also acquainted with the defendant, identified him as the assailant. Her testimony corroborated that of the victim as to all events before she left for aid and after she returned.

The arresting police officer also testified. He stated that after he placed defendant under arrest and advised him of his rights and the charges against him, the defendant said, "I ain't going to jail for trying to get some pussy".

■ Defendant first contends that there was insufficient evidence to support a conviction for attempted rape because the prosecutrix never saw defendant's penis or saw him with his trousers opened. We dis-

agree. We believe there was strong evidence to support the conviction of attempted rape. Here the defendant took the victim by force to the back of a house, picked her up and forced her into a prone position, slapped her, pushed up her dress, and pulled down her panties to her ankles. The victim felt his penis on her leg. The defendant was thwarted in his attempt to rape the victim when her brothers came to the scene and the defendant fled. The defendant then admitted to the police, "I ain't going to jail for trying to get some pussy". State v. Stewart, 537 S.W.2d 579[2] (Mo.App. 1976). The point is without merit.

■ Defendant next contends "the trial court committed reversible error in giving an instruction No. 4 which was inconsistent with the offense charged." The State maintains that defendant has failed to preserve this point for review because he has not strictly complied with Rule 84.04(e) requiring that challenged instruction be printed in the argument portion of defendant's brief. Although defendant did not print the instruction in the argument portion of his brief, he did attach the instruction to the brief. While we discourage this practice, we will not dismiss the point for this reason.

■ The State also maintains that this point is not preserved for review because defendant did not specifically object to the challenged instruction either at trial or in his motion for a new trial. It is true that defendant did not specifically object to the instruction before submission to the jury, but that is not fatal to defendant's challenge so long as specific objection is made in the motion for a new trial. Rule 20.03; State v. Williams, 524 S.W.2d 137, 139 (Mo. App.1975). In his motion for a new trial defendant did allege, "That the court erred in presenting the verdict directing instruction offered by the State wherein the victim's age was made an essential element of the case." The problem with the language of that assignment of error is that it is

ambiguous. It can be understood either as a description of the allegedly defective instruction or as a vague explanation of the alleged instruction's deficiency. In either case, this allegation in the motion for new trial does not comport with Rule 27.20(a) in that it is not specific and a general allegation preserves nothing for review. *State v. Butler*, 534 S.W.2d 832, 835 (Mo.App.1976); *State v. Harper*, 553 S.W.2d 895, 899 (Mo. App.1977). This allegation has preserved nothing for appellate review.

Likewise, the point relied on as stated here is that the trial court committed reversible error in giving the verdict directing instruction "which was inconsistent with the offense charged". This point preserves nothing for appellate review because it totally violates the directions of Rule 84.04(d) which are mandatory. The point fails to set out concisely wherein and why the instruction is inconsistent with the offense charged. *State v. Robinson*, 551 S.W.2d 309, 312[2] (Mo.App.1977).

Plain error Rule 27.20(c) has not been alleged and instructions are not reviewable under plain error unless the trial court has misdirected or failed to instruct the jury on the law of the case so as to cause manifest injustice. *State v. Johnson*, 546 S.W.2d 725, 72–[2, 3] (Mo.App.1977). Our examination of the instruction reveals that the trial court failed in neither respects and no manifest injustice is found.

The judgment is affirmed.

SIMEONE, C. J., and SNYDER, J., concur.