**STATE of Missouri, Respondent,**

v.

**Anthony L. TOWNSEND, Appellant.**

**No. 41094.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 22, 1980.

Robert C. Babione, Public Defender, Charles H. Mostov, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Michael P. Donegan, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard G. Callahan, St. Louis, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of first degree robbery and punishment assessed at fifteen years imprisonment.

The evidence adduced at trial demonstrated that Danita Smith was robbed of her purse, after a brief scuffle with the assailant, as she entered her apartment building. Danita ran inside and called the police. The police arrived in short order, whereupon Danita disclosed the details of the robbery and a description of her attacker. As the officers prepared to leave, Danita noticed a patch of skin clinging to her shirt which she was unable to attribute to her person. The officers left with the piece of skin.

As the officers began to patrol the neighborhood, they happened across defendant walking along a nearby street in the company of two others. Defendant's clothes matched Danita's description and he was carrying a paper bag. Upon the officers' approach, defendant laid the bag on the pavement and continued walking. The men were subsequently stopped and Danita escorted to the scene where she tentatively identified defendant as, "He looked like the person who took my purse." The piece of skin was ultimately determined to be part of defendant's hand, having come from defendant's left ring finger at the bottom and along the side.

■ On appeal, defendant ascribes as error the refusal of the trial court to permit examination of a venireperson regarding that person's understanding of the "presumption of innocence." Defendant failed to present the issue of which he now complains to the trial court for its determination. See Rule 84.13(a). The relevant portion of the record to which defendant's argument is addressed, reads as follows:

MR. MOSTOV: Okay. As Mr. Callahan and Judge Bloom indicated, when we try a criminal case the defendant in that case has what is called the presumption of innocence. And we've talked a lot about the presumption of innocence. As Tony sits here right now he is presumed by the law to be innocent of the charges against him. Mr. Barkowski, how do you feel about that presumption of innocence?

VENIREMAN BARKOWSKI: You have to be proven guilty as far as I can see.

MR. MOSTOV: Okay. So if you were to go back into the jury room right now, if the Judge were to instruct you to go back and vote guilty or not guilty, how—

MR. CALLAHAN: Excuse me, your Honor—

THE COURT: It will be sustained.

Defendant may not cite as prejudicial the trial court's refusal of his requested voir dire inquiry without first having preserved the record. This he might have accomplished by any number of means, such as rephrasing the question or making a record at the bench. However, he chose to stand mute, and his inaction chilled any likelihood for relief by this court. Rule 84.13(a); *State v. Brown*, 547 S.W.2d 797, 804–805 (Mo. banc 1977).

■ It is axiomatic that:

The trial court must be given the opportunity by timely objection to pass upon the propriety of questions, and where the defendant foregoes objection, as occurred here, the trial court should not be convicted of error . . . . *State v. Gardner*, 524 S.W.2d 38, 40 (Mo.App.1975).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.