**STATE of Missouri, Respondent,**

v.

**Edward PAYNE, Appellant.**

**No. 40246.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 8, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 19, 1980.

Application to Transfer Denied
July 15, 1980.

Robert C. Babione, Public Defender, Mary Louise Moran, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals from the judgment imposed after a jury verdict of stealing property with a value of at least $50.00. Under the Second Offender Act, he was sentenced by the court to serve a term of five years in the Department of Corrections. For reversal defendant asserts 1.) that the trial court improperly allowed the state to cross-examine him regarding prior felony convictions and 2.) that the trial court erred in not sustaining his objection to an alleged misstatement of the law by the circuit attorney. We affirm.

Since defendant does not challenge the sufficiency of the evidence, a brief summary of the facts will suffice. The offense occurred in the early morning hours of May 5, 1977, on the premises of the Warwick Hotel. Eugene Russell, an employee of the hotel, noticed a white Pontiac Tempest proceed up the ramp leading to the upper deck of the hotel parking lot. He had noticed the same vehicle parked in the hotel parking lot several evenings earlier. On the morning of the 5th, Russell informed the hotel's night manager, Alan Logan, of these facts. Logan immediately called the police. When the police arrived, they drove to the upper level of the Warwick parking lot to investigate. They saw the defendant leaning into a brown vehicle. The defendant attempted to conceal himself under an automobile parked next to the brown vehicle and was pulled from beneath it by Officer Timothy Kaelin who placed him under arrest. The white Pontiac Tempest, the defendant's car, was parked in front of the brown car with its passenger door open. The police discovered a camera lens and flash, two cartons of cigarettes, and a straightened coat hanger in the Tempest.

Mr. Harmon, the owner of the brown vehicle, testified that he locked his car after he parked it in the lot. He identified the camera lens and flash and the cartons of cigarettes as his property. He also identified a cardboard box containing his camera and other property belonging to him. This box was found on the ground next to his vehicle.

The defendant took the stand in his own behalf. During cross-examination, the state interrogated him about his prior convictions. He admitted pleading guilty to rape and robbery, two unlawful purchases of a narcotic and three counts of armed robbery.

Prior to trial, the defendant filed a motion in limine seeking to prevent the state from cross-examining him regarding his prior felony conviction. This motion was overruled by the court. Defendant contends on appeal that permitting the state to question him about his prior felony convictions forced him to forego his right against self-incrimination in order to exercise his right to testify and present evidence in his own behalf.

Although the defendant raised this issue in his pretrial motion, he did not object at the time the questions concerning his prior convictions were asked. In order to preserve a constitutional complaint for appellate review, a defendant just raise it at the first available opportunity and keep it alive at every stage in the proceeding. *State v. Helt*, 581 S.W.2d 604, 612 (Mo.App. 1979). Here, by not objecting when the state interposed the questions about prior convictions, the defendant waived this point.

Furthermore, the law is clear that the state is entitled to inquire about prior convictions of a witness, including the defendant should he decide to take the witness stand, in order to affect his credibility. § 491.050 RSMo. 1978; *State v. Toliver*, 544 S.W.2d 565, 568 (Mo. banc 1976). This principle was specifically reaffirmed by our Supreme Court in *State v. Dunn*, 577 S.W.2d

649 (Mo. banc 1979).[1] The questions here were designed to impeach the defendant and the court quite properly instructed the jury to consider the prior convictions for credibility purposes only. This point is wholly without merit and is denied.

Defendant next contends that the court erred in permitting the prosecuting attorney to explain "its erroneous conception of the law of asportation when applied to the charge of stealing." The statement of which defendant complains was made during the rebuttal portion of the state's closing argument. The statement is as follows: "As said before, any movement of the article is sufficient for stealing under the laws of the State of Missouri."

Defendant relies upon *State v. Commenos*, 461 S.W.2d 9 (Mo.1970), to support his contention that the prosecutor's statement of the law was erroneous. In *Commenos* the state's verdict director concluded with the following sentence: "The moving of the property alleged to have been stolen from the place where it was before, however slight, is sufficient to constitute stealing." *Id.* at 11. The Supreme Court found the instruction was improper because the sentence was not qualified in any way. The court held that the additional language was "not correct unless the movement of the article was to intentionally steal it." *Id.*

The law with respect to the crime of stealing was clearly stated in *State v. Knabe*, 538 S.W.2d 589 (Mo.App. 1976):

The basic elements of this crime have been defined to mean the felonious taking and carrying away of the property of another. . . . The element of "taking" is complete at the moment the offender wrongfully assumes complete do-

1. Permitting the state to question defendant about prior convictions is not inconsistent with his privilege against self-incrimination. As the United States Supreme Court stated in *McGautha v. California*, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971):

It has long been held that a defendant who takes the stand in his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination. . . . It is not thought overly harsh in such situations

to require that the determination whether to waive the privilege take into account the matters which may be brought out on cross-examination. It is also generally recognized that a defendant who takes the stand in his own behalf may be impeached by proof of prior convictions or the like. . . . Again, it is not thought inconsistent with the enlightened administration of criminal justice to require the defendant to weigh such pros and cons in deciding whether to testify. *Id.* at 215, 91 S.Ct. at 1471.

minion over the property of another inconsistent with the owner's rights. The duration of the dominion is immaterial. . . . The second element of "carrying away" has become known in the lexicon of the law as "asportation" and occurs once the property "taken" has been moved, however slightly.

*Id.* at 592.

 Control of the argument of counsel rests within the discretion of the trial court "[a]nd unless the trial court abuses its discretion by permitting argument calculated either to mislead or to prejudice or to conflict with other instructions, the reviewing court will not intervene. . . ." *State v. Reynolds,* 517 S.W.2d 182, 184–185 (Mo. App. 1974). We are unable to find that the argument of which defendant complains is a misstatement of the law, that it was not within the issues, or that it was inconsistent with the instructions.

The statement "any movement of the article is sufficient for stealing under the laws of Missouri" when read in isolation is an improper statement of the law. However, we must review this statement in the context of the entire argument. We note that defendant has not provided us with the state's entire argument and has not included any portion of his argument in the record. From the record before us, we find that in his opening argument, the prosecuting attorney read a portion of the verdict director and then paraphrased the remaining part of that instruction. Thereafter, without objection, he stated: "Just the mere moving of that property, just taking from the seat and sitting it down on the ground is sufficient under the law." The prosecuting attorney had stated while summarizing the instruction to the jury that the defendant's taking must have been without the consent of the owner and with the intent to convert the property to his own use. The defendant did not object to this portion of the argument, which we believe was proper, but objected to the statement which was made during the rebuttal portion of the state's argument. We believe this latter statement was an obvious

reference by the circuit attorney to his earlier argument on this point because of his prefacing remark: "As said before . . ."

In the light of the record before us, we cannot say that the court abused its discretion in overruling defendant's objection.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.