Anthony L. TOWNSEND, Appellant,

v.

STATE of Missouri, Respondent.

No. 43258.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 1981.

Motion for Rehearing and/or Transfer
Denied Sept. 21, 1981.

Rehearing Denied Oct. 13, 1981.

James C. Jones, III, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was found guilty in 1978 of the charge of robbery in the first degree and was sentenced to fifteen years in the Missouri Division of Corrections. We affirmed his conviction on appeal. *State v. Townsend*, 593 S.W.2d 639 (Mo.App.1980). On February 27, 1980, movant filed a motion under Rule 27.26 which was denied after an evidentiary hearing.

■ On appeal, movant challenges the constitutionality of § 491.050, RSMo 1978, which permits the prosecution to impeach a defendant's credibility by evidence of prior convictions. Section 491.050 provides:

Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer.

A defendant on the witness stand is subject to impeachment under this statute as any other witness. *State v. Byrth*, 395 S.W.2d 133, 135 (Mo.1965).

Movant's point has no merit. The United States Supreme Court in *McGautha v. California*, 402 U.S. 183, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971) stated:

It has long been held that a defendant who takes the stand in his own behalf cannot then claim the privilege against cross-examination on matters reasonably related to the subject matter of his direct examination. It is not thought overly harsh in such situations to require that the determination whether to waive the privilege take into account the matters which may be brought out on cross-examination. It is also generally recognized that a defendant who takes the stand in his own behalf may be impeached by proof of prior convictions or the like. Again, it is not thought inconsistent with the enlightened administration of criminal justice to require the defendant to weigh such pros and cons in deciding whether to testify..

*Id.* at 215, 91 S.Ct. at 1471 (citations omitted). *Also see State v. Dunn*, 577 S.W.2d 649 (Mo. banc 1979); *State v. Payne*, 600 S.W.2d 94 (Mo.App.1980).

■ Movant also alleges ineffective assistance of counsel. Specifically, he alleges that his counsel failed to explain to him the significance of his right to testify and that his counsel failed to make a proper record when an objection to one of his questions on voir dire was sustained. (The incident during voir dire was movant's only point on appeal; this court concluded that a proper record had not been made and the point had not been preserved for review.)

At the evidentiary hearing, both movant and his trial counsel testified, and the court had before it the transcript of the original trial as well as our opinion on appeal. The court found that his counsel was not ineffective. We have examined the record and find that the court's determination was not clearly erroneous. Rule 27.26(j).

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.