STATE of Missouri, Respondent,

v.

Arnold HALL, Jr., Appellant.

No. 12995.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 15, 1984.

Charles M. LeCompte, Springfield, for appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

Arnold Hall, Jr., ("defendant") appeals from his conviction, per jury trial, of the class C felony of attempting to commit rape, §§ 564.011 and 566.030, RSMo 1978, for which he was sentenced to one year's imprisonment in jail. His sole assignment of error pertains to the following incident that occurred during voir dire examination of the prospective jurors:

"MR. SMITH: [1] Would everybody here be able to hear the evidence, judge it like they'd want to be judged by themselves, obey the Court's instructions and give me and my client and the State and the State's client a fair trial, other than the people that we have spoken to before that said they couldn't? Is there anybody here that, for any reason, thinks that they might not be able to do that?

Mr. Shadel, you don't think you can?

JUROR SHADEL: No.

MR. SMITH: You think you'd prejudge the case?

JUROR SHADEL: (Nods head.)

MR. SMITH: Is that because of your relationship with Mr. Warren [2] or the facts of the case?

1. Defendant's attorney.

2. Prosecuting Attorney of Pulaski County.

JUROR SHADEL: An event that happened earlier before I came in the door.

MR. SMITH: Okay. Then I have nothing further to ask. I have no further questions.

THE COURT: Sir, is it Shadel or Shadel?

JUROR SHADEL: Shadel.

THE COURT: Mr. Shadel, there was some incident that occurred today that would cause you to be prejudice [sic] in this case?

JUROR SHADEL: Yes, sir.

MR. SMITH: I'd ask the Court—

THE COURT: Excuse me. You've finished, have you not?

Was it something that someone of the parties to this action did or did not do?

JUROR SHADEL: Yes, it would be a relation to.

THE COURT: I didn't hear you, sir.

JUROR SHADEL: It would be a relation—a relative to the defendant.

THE COURT: The conduct of what some person did today?

JUROR SHADEL: Right.

THE COURT: Thank you, sir. And for that reason, if you will recall, the last question that I asked was: Was there any of you, for any reason, whether I had asked it or not, could not take the evidence that's presented and the instructions of the Court and render a fair and impartial trial and if you could not do that, raise your hand? And I do not believe at that time you raised your hand. But since that time you've thought about whatever it was that occurred and you believe you could not do so. I'm not asking you what occurred. I don't want to know that. But whatever it was that occurred, you've thought about that matter and you now believe you could not do so?

JUROR SHADEL: Yes, sir."

After voir dire, outside the hearing of the panel, defendant challenged venireman Shadel for cause. §§ 546.150–.160, RSMo 1978. The trial court granted the challenge. Defendant requested no other relief in regard to the incident.

Later, just before the State presented its first witness, defendant's attorney requested that the court exclude from the courtroom all persons who expected to testify. Then, this:

"THE COURT: Can we keep the witnesses in the jury room?

All people who expect to be a witness in the trial, we'll have to ask that you come into the jury room and you'll be called when needed.

Members of the jury, the Court heard some comment or some statement that some person or some witness was attempting to or may have been attempting to talk to some juror, something with regard to this case. I'm not asking that person to say anything, but if that is done, you notify the Court and we'll take proper measures to see that that does not happen. We admonished all the witnesses, as I recall, early in the trial and you. They are not to talk with you and you are not to talk with them. So if some person makes any attempt to—any witness, to talk with you in regard to this case, then we ask that you notify the Court immediately and we'll take steps to see that that does not happen."

Defendant maintains the trial court erred in (1) allowing venireman Shadel to state, in the presence of the venire, that he was prejudiced by the conduct of one of defendant's relatives, and (2) refusing to allow defendant's attorney to suggest an alternative method of questioning Shadel. Defendant adds that the error was compounded when the court told the jurors, later in the trial, about hearing that someone had attempted to talk to a juror about the case. According to defendant, the jury inferred that the incident mentioned by the court was the same one reported (but not detailed) by Shadel. Thus, argues defendant, the court gave the jurors more information about the incident than Shadel had revealed.

At the threshold, defendant is confronted by the fact that the only utterance by de-

fense counsel [3] during either of the two incidents was, "I'd ask the Court—," which came during the voir dire colloquy between the court and Shadel. Even if we assume, as defendant alleges, that his counsel wanted to suggest that Shadel be questioned outside the hearing of the venire, we fail to see how the court's refusal to hear that suggestion is grounds for reversal. Whatever counsel feared Shadel would say in the presence of the venire evidently went unsaid because counsel voiced no objection to any of Shadel's remarks, made no request that the court strike the panel after the dialogue, and did not move for a mistrial. Later, during the second incident, counsel remained silent.

Having stood mute, defendant failed to preserve for appellate review any error with respect to the occurrences about which he now complains. *State v. Brooks,* 360 S.W.2d 622, 625 (Mo.1962); *State v. Townsend,* 593 S.W.2d 639, 640 (Mo.App. 1980); *State v. Gardner,* 524 S.W.2d 38, 40 (Mo.App.1975). A party cannot fail to request relief, gamble on the verdict, and then if adverse, request relief for the first time. *State v. Meiers,* 412 S.W.2d 478, 481 (Mo.1967); *State v. Dickerson,* 646 S.W.2d 884, 885[5] (Mo.App.1983).

Obviously cognizant of this barrier, defendant argues that we should nonetheless reverse the judgment and remand the cause for a new trial because the two incidents, in the aggregate, constituted plain error. Defendant recognizes that in order to obtain such relief, he bears the burden of demonstrating that the two incidents resulted in manifest injustice or miscarriage of justice. *State v. Groves,* 646 S.W.2d 82, 83[2] (Mo. banc 1983); Rule 29.12(b), Missouri Rules of Criminal Procedure (15th ed. 1984).

Although conceding that the evidence made a submissible case, defendant insists that the trial court's remarks during the second incident, coupled with what Shadel had said earlier, prejudiced the jury against him by implying that he and his witnesses had acted improperly. Defendant argues, with considerable ingenuity, that inasmuch as his defense (alibi) depended on the credibility of his testimony and that of his witnesses (his father, mother and two brothers), the cumulative effect of the two incidents denied him a fair trial by discrediting his evidence.

We reject the argument. Shadel did not identify the person whose conduct offended him, saying only that the person was a relative of defendant. The nature of the conduct was not revealed. The trial court did not identify the person who apparently tried to talk to a juror, and it is sheer speculation to assume that the jurors inferred that the incident mentioned by Shadel was the same one described later by the court. Even were the jurors to make that assumption, however, it does not follow that they would make the further assumption that the person referred to by Shadel and the court was one of those who eventually testified for defendant. Moreover, the court at no time indicated that defendant did anything improper, or that he was responsible for whatever occurred between his relative and venireman Shadel.

Bearing in mind that plain error is one that so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected, *State v. Valentine,* 646 S.W.2d 729, 731[4] (Mo.1983), it is evident that no such error occurred here.

Judgment affirmed.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.

---

3. Defendant's counsel on appeal did not represent defendant at trial.