STATE of Missouri, Respondent,

v.

Lawrence E. FOSTER, Appellant.

No. 48072.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Jan. 8, 1985.

Dennis G. Schafer, Asst. Public Defender, St. Charles, for appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CHANNING D. BLAEUER, Special Judge.

The defendant was found guilty by a jury of assault in the first degree, § 565.-050, RSMo (1978), a class A felony, and armed criminal action, § 571.015, RSMo (1978). The trial court found that he was a "prior offender" as defined by § 558.016.2, RSMo (Supp.1984), and sentenced him to consecutive terms of fifteen years, § 558.-011, RSMo (Supp.1984), and seven years § 571.015.1 RSMo (1978) on the respective convictions. We affirm.

Defendant does not challenge the sufficiency of the evidence to support the conviction. In his only point, he attacks the use of his prior conviction while that conviction was pending on appeal.[1] The attack

---

1. *State v. Foster,* 665 S.W.2d 348 (Mo.App.1984).

598

is twofold. First, defendant contends that the court improperly removed the sentencing function from the jury. Second, he alleges the court erred in overruling his motion in limine which sought to prevent the prosecution from impeaching him, if he testified, by the prior finding of guilt. Defendant did not testify.

■ Since defendant did not take the stand, there was no impeachment. Therefore, the ruling on the motion is not properly before us. However, defendant's point is squarely resolved by *State v. Jackson*, 651 S.W.2d 547 (Mo.App.1983). In *Jackson*, the Western District held a defense witness may be impeached by a conviction then pending on appeal. This court has held it will follow *Jackson*. *State v. Kayser*, 671 S.W.2d 352, 354 (Mo.App.1984). In this matter defendant stands in the same position as any other witness. *Townsend v. State*, 621 S.W.2d 312, 313 (Mo.App. 1981). The ruling on the motion was proper.

■ Similarly, the court did not err in assessing punishment. The sentencing procedures are purely statutory, there being no constitutional right to a jury on the issue of punishment. *State v. Hampton*, 607 S.W.2d 225 (Mo.App.1980). By statute, the court assess punishment if defendant is a prior offender. § 557.036.4(2) RSMo (Supp.1984). The operative fact in determining whether defendant is a prior offender is whether he "has pleaded guilty to or has been found guilty of one felony." § 558.016.2 RSMo (Supp.1984). A final judgment of conviction is not required. *State v. LaPlant*, 673 S.W.2d 782, 784–85 (Mo. banc 1984). Thus, the test used here is the same as that used for impeachment purposes; simply, whether there has been a finding of guilt. Here, there had been that finding so the court did not err in assessing punishment itself.

The judgment is affirmed.

REINHARD, C.J., and CRIST, J., concur.